UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DWAYNE DIGGS, DEMETRIUS GOSHEN, JAMES JACKS, DAVID JACKSON, RAPHAEL REBOLLO, LUIS SALDANA, DAVONGIE STONE, XAVIER VALENTIN-SOTO, and DANAVIAN DANIEL, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAROL MICI, Commissioner of the Massachusetts Department of Correction; PAUL HENDERSON, former Deputy Commissioner of Field Services; PATRICK DEPALO, Deputy Commissioner of Field Services; CHARLES PRIMACK, Director of Special Operations; STEVEN KENNEWAY, former Superintendent of Souza Baranowski Correctional Center; DEAN GRAY, Superintendent of Souza Baranowski Correctional Center; RONALD GARDNER, Director of Security at Souza Baranowski Correctional Center; Captains DONALD DENOMME and DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE, ROBERT DESCHENE, JAMES ALLAIN, and JAMES GEARIN; Sergeant ROBERT D'AMADIO; Correction Officers JOSEPH BELLINI and JOHN MADDEN; and K9 Officer EVAN LARANJO, <br><br> Defendants. | Civil Action No. 4:22-cv-40003-ADB |

## SCHEDULING ORDER

BURROUGHS, D.J.

This Scheduling Order is intended to provide a reasonable timetable for discovery in order to help ensure a fair and just resolution of this matter without undue expense or delay. After reviewing the parties' joint scheduling report and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED as follows.

## DISCOVERY MATTERS

1. Phased or Bifurcated Discovery: The parties do not believe phased or bifurcated discovery would be efficient or useful.

2. Limitations on Discovery: The parties are limited to 40 interrogatories, 3 separate sets of requests for production, 75 requests for admission, and 50 depositions, inclusive of depositions of the Named Plaintiffs and Defendants, with leave to move for additional depositions if the need is justified. The parties shall first meet and confer should any party determine additional depositions are necessary.

3. Service of Documents: The parties agree that communications between and among them, including correspondence, notifications required by any protective order, and service of documents filed under seal, may occur by email, and that service by email shall be treated as service by hand such that three extra days shall not be added for purposes of determining the due date for a response. Such service may be accomplished by email by 11:59 p.m. Eastern Standard Time, except for service of documents filed under seal, which shall be served contemporaneously with electronic filing.

4. Production of Documents: Unless another format is specified by the requesting party, each electronic document shall presumptively be produced in one of the following forms at the option of the producing party:

(1) single page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files and other production metadata such as production numbers and confidentiality designation. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document; or

(2) multi-page searchable Portable Document Format ("PDF") format. Each document image shall contain a footer with a sequentially ascending production number.

5. Metadata: A party that receives a document produced in TIFF or PDF format may make a request to receive metadata for the document (e.g., file creation date, file modification date, authorship information, etc.), and upon receipt of such a request, the producing party shall produce such metadata if such request is reasonable, the materials are within the party's possession, custody, or control, and the materials are non-privileged, provided that the defendants reserve on agreeing to provide metadata for any proprietary software, its intranet system, and where doing so would jeopardize ongoing investigations or security. Nothing in this provision or any other prohibits a party from requesting that metadata e produced in the first instance.

6. Electronically Stored Information (ESI): After service of a party's initial request for production of documents, the parties will promptly meet and confer in order to reach an

agreement on a protocol for the treatment of Electronically Stored Information ("ESI") maintained by the parties.

7. Privilege Logs: For purposes of creating a privilege log, a party need include only one entry on the log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals, but such an entry must provide information sufficient to judge whether each of the undisclosed documents satisfies each element required for protection pursuant to Fed. R. Civ. Pro. 26(b)(5).

8. Confidentiality: The parties will submit a proposed protective order and/or nondisclosure agreement pertaining to Criminal Offender Record Information ("CORI"), HIPAA, private policies, or security/investigative related concerns in general.

## TRIAL BY MAGISTRATE

9. The parties do not consent to trial by a magistrate judge.

## SETTLEMENT DEMAND AND ALTERNATIVE DISPUTE RESOLUTION

10. Plaintiffs will serve a written settlement demand by October 6, 2022. Defendants will serve a written response within 30 business days.

**SCHEDULE**

|     | Event | Date |
| --- | --- | --- |
| a.  | Rule 26(a) Disclosures served | September 27, 2022 |
| b.  | Deadline to file motion for class certification | April 12, 2023 |
| c.  | Deadline to file opposition to motion for class certification[1] | June 12, 2023 |
| d.  | Last day to serve Written Discovery (i.e., interrogatories and document requests) served. The parties may stipulate to extend this date under Rule 29 provided that doing so does not affect the other scheduling deadlines, which may be amended on a showing of good cause | July 21, 2023 |
| e.  | Deadline to file reply in support of motion for class certification | August 18, 2023 |
| f.  | Fact Discovery (except for Requests for Admission) ends | September 29, 2023 |
| g.  | Last day to serve Requests for Admission | September 29, 2023 |
| h.  | Initial expert Reports (on any issues for which a party has the burden of proof) served | October 13, 2023 |
| i.  | Rebuttal Expert Reports (on issues for which a party does not have the burden of proof) served | November 3, 2023 |
| j.  | Expert Discovery ends | December 15, 2023 |
| k.  | Deadline to file dispositive motions | January 8, 2024 |
| l.  | Deadline to file oppositions to dispositive motions | February 5, 2024 |
| m.  | Deadline to file reply briefs in support of dispositive motions | March 4, 2024 |

The parties shall appear for a status conference before the Court on <u>September 28, 2023 at 9:15 a.m.</u> in Courtroom 17. At that time, the Court will set a date for trial.

---

[1] If Plaintiffs rely on any expert opinion in support of their motion for class certification, Plaintiffs agree to provide the expert opinion and/or report upon service of their motion for class certification and to make any such expert witness(es) available for deposition at least 30 days prior to Defendants' deadline to file its opposition to the class certification motion. Similarly, if Defendants rely on any expert opinion in support of their opposition to class certification, Defendants agree to provide the expert opinion and/or report upon service of their opposition to the motion for class certification and to make any such expert witness(es) available for deposition at least 30 days prior to Plaintiffs' deadline to file its reply brief in support of class certification.

5

**SO ORDERED.**

September 14, 2022                                              /s/ Allison D. Burroughs
                                                                ALLISON D. BURROUGHS
                                                                U.S. DISTRICT JUDGE