# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:22-cv-40003

DWAYNE DIGGS, DEMETRIUS GOSHEN,
JAMES JACKS, DAVID JACKSON,
RAPHAEL REBOLLO, LUIS SALDANA,
DAVONGIE STONE, XAVIER
VALENTIN-SOTO, and DANAVIAN DANIEL,

       Plaintiffs,

V.

CAROL MICI, Commissioner of the Massachusetts
Department of Correction; PAUL HENDERSON,
former Deputy Commissioner of Field Services;
CHARLES PRIMACK, Director of Special
Operations; STEVEN KENNEWAY, former
Superintendent of Souza-Baranowski Correctional
Center; DEAN GRAY, Superintendent of
Souza-Baranowski Correctional Center; RONALD
GARDNER, Director of Security at Souza-Baranowski
Correctional Center; Captains DONALD DENOMME and
DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE,
ROBERT DESCHENNE, JAMES ALLAIN, and
JAMES GEARIN; Sergeant ROBERT D'AMADIO;
Correction Officers JOSEPH BELLINI and
JOHN MADDEN; and K9 Officer EVAN LARANJO,

       Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS AND REQUEST TO ENTER UPON LAND FOR INSPECTION

Without waiving any objections, Defendants state that discovery is ongoing, and they reserve the right to supplement any response.  Defendants further state that any confidential documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers.

1

REQUEST NO. 1

All documents identified in Defendants' initial disclosures under Rule 26(a)(1)(A) and any supplemental disclosures.

RESPONSE NO. 1

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendants served Plaintiffs with Initial Disclosures on July 14, 2022 identifying the following information:

1. Dwayne Diggs
   a. Category I Investigation 17754, including Incident Report 1888910, Disciplinary Report 453434, Grievance 107588, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
2. Demetrius Goshen
   a. Use of Force Package 7768, including SBCC Inquiry 18007, Incident Report 1893430, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
3. James Jacks
   a. Use of Force Packages 7711 and 7754, including Incident Reports 1888891, 1888956, 1892472, 1894568, 1894805, 1895365, 1895371, 1896304, 1896427, 1897040, 1897437, 1903330, 1903380, 1903403, and 1904476, Disciplinary Reports 453906 and 455331, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
4. David Jackson
   a. Inquiry Report DOC-SBCC-20-55, including Grievance 106786 and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
5. Raphael Rebollo
   a. Use of Force Package 7748, including Inquiry Report DOC-SBCC-20-23, Disciplinary Reports 455260 and 457152, Incident Reports 1889263, 1891371, 1891930, 1893021, 1893324, 1894719, 1895132, 1895804, 1896498, 1896713, and 1897142, Grievance 106817, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
6. Luis Saldana
   a. Use of Force Package 7652, including Inquiry Report DOC-SBCC-20-15, Disciplinary Reports 453316 and 455334, Incident Reports 1885405, 1885427, 1885428, 1885465, 1885470, 1885821, 1886373, 1888039, 1888060, 1895697, 1896211, 1897480, 1899753, 1904912, and 1905190, Grievance 106560, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.
7. Davongie Stone
   a. Use of Force Package 7714, including Disciplinary Report 455321, Incident Reports 1888886, 1890998, 1891049, 1891685, 1892877, 1893065, 1893874, 1894812, 1895359, 1895973, 1896068, 1896839, 1897003, 1897089, 1897158,

> 1898516, 1899185, 1899950, 1900147, and 1905644, Grievance 107048, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.

8. Xavier Valentin-Soto
    a. Use of Force Package 7750, including Inquiry DOC-SBCC-20-64, Disciplinary Report 455335, Incident Reports 1888907, 1894941, 1895378, 1896733, 1897355, and 1897585, Grievance 107023, and Housing Unit Report.  These documents were previously provided to counsel for plaintiffs.

9. Danavian Daniel
    a. Inquiry 17793, including Grievances 106889 and 108671.  These documents were previously provided to counsel for plaintiffs.

Answering further, Defendants state that Counsel for plaintiffs have also been provided and/or reviewed all videos related to the allegations in the Complaint involving the named plaintiffs.

REQUEST NO. 2

All documents identified in Defendants' responses to Plaintiffs' interrogatories.

RESPONSE NO. 2

Defendants object to this request on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome, and unlimited as to time and scope.

Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and supplementary responses will be provided.

REQUEST NO. 3

All documents produced to the Plaintiffs in Silva-Prentice, et al. v. Turco, et al., 21-cv11580-PBS (D. Mass.).

RESPONSE NO. 3

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following and state that documents produced in the Silva-Prentice, et al v. Turco, et al matter are subject to a non-disclosure agreement signed by the attorneys in that matter and the agreement is not transferable this matter.

1. Non-Disclosure Agreement from the Silva-Prentice, et al matter.

REQUEST NO. 4

Each Named Plaintiff's complete 6-part and 10-part folders.

RESPONSE NO. 4

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  Six-part folders of Dwayne Diggs, Demetrius Goshen, James Jacks, Danavian Daniel, Raphael Rebollo, Luis Saldana, Davongie Stone, Xavier Valentin-Soto, and David Jackson.

Defendants further state that discovery is ongoing, and they reserve the right to supplement this response.

REQUEST NO. 5

A certified copy of all documents maintained by the DOC and its contractual health care provider, including any documents received by DOC or the contractual provider from third-party providers, comprising the complete medical and mental health records of the Named Plaintiffs during their incarceration from January 1, 2017 through the time of response.

RESPONSE NO. 5

Defendants object to this request to the extent that it seeks documents not created by defendants and further state that a request for certified medical and mental health records is more appropriately directed to the keeper of records for the provider(s). Defendants further object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  Ten-part folder of Dwayne Diggs, Demetrius Goshen, James Jacks, Danavian Daniel, Raphael Rebollo, Luis Saldana, Davongie Stone, Xavier Valentin-Soto, and David Jackson.

REQUEST NO. 6

The complete Inner Perimeter Security files on each of the Named Plaintiffs at each DOC facility where any exists.

RESPONSE NO. 6

Defendants object to this request to the extent that it seeks intelligence information prohibited from public disclosure pursuant to G.L. c.6, §167.  Defendants further object to producing documents containing investigatory materials, including ongoing criminal investigations, the disclosure of which would so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest. See G.L. c. 4, §7(26)(f).

Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and it reserves the right to supplement this response.

REQUEST NO. 7

The complete file maintained on each Named Plaintiff in relation to any Security Threat Group status DOC has assigned to that Plaintiff.

RESPONSE NO. 7

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks intelligence information prohibited from public disclosure pursuant to G.L. c.6, §167.  Defendants further object to producing documents containing investigatory materials, including ongoing criminal investigations, the disclosure of which would so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest. See G.L. c. 4, §7(26)(f).

Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. Classification reports of Dwayne Diggs, Demetrius Goshen, James Jacks, David Jackson, Raphael Rebollo, Luis Saldana, Davongie Stone, Xavier Valentin-Soto, and Danavian Daniel.

REQUEST NO. 8

The complete file maintained on each Named Plaintiff in relation to any Security Rating DOC assigns to that Plaintiff.

RESPONSE NO. 8

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks intelligence information prohibited from public disclosure pursuant to G.L. c.6, §167. Defendants further object to producing documents containing investigatory materials, including ongoing criminal investigations, the disclosure of which would so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest. See G.L. c. 4, §7(26)(f). Notwithstanding these objections and without waiver thereof, defendants refer to response no. 7.

REQUEST NO. 9

The housing roster of all prisoners housed in Unit N1 on January 10, 2020 before and after the N1 Incident; along with lists of each prisoner in the unit who as of January 10, 2020, was employed, attended educational programs, or attended any other programs.

RESPONSE NO. 9

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it is vague and unlimited as to time in requesting "before and after the N1 Incident" but providing no specific beginning and end date.

Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. N1 Roster 1.10.22
2. N1 Schedule 1.10.22

REQUEST NO. 10

The housing rosters of all prisoners housed in Units L2 and N1 on January 22, 2020; along with lists of each prisoner in the units who as of January 10, 2020 was employed, was attending educational programs or was attending any other programs.

RESPONSE NO. 10

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated

to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. N1 Roster 1.22.22
2. L2 Roster 1.22.22
3. N1 Schedule 1.10.22-1.22.22
4. L2 Schedule 1.10.22-1.22.22

REQUEST NO. 11

The housing rosters of all prisoners housed in Unit L3 on January 23, 2020; along with lists of each prisoner in the unit who as of January 10, 2020 was employed, was attending educational programs or was attending any other programs.

RESPONSE NO. 11

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. L3 RHU Roster 1.23.20
2. L3 RHU Schedule 1.10.20-1.23.20

REQUEST NO. 12

The housing roster of all prisoners housed in Unit P1 on January 24, 2020; along with lists of each prisoner in the unit who as of January 10, 2020 was employed, was attending educational programs or was attending any other programs.

RESPONSE NO. 12

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. P1 Roster 1.24.20

2.  P1 Schedule 1.10.20-1.24.20

REQUEST NO. 13

The housing rosters of all prisoners housed in Unit K3 on February 6, 2020; along with lists of each prisoner in the unit who as of January 10, 2020 was employed, was attending educational programs or was attending any other programs.

RESPONSE NO. 13

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  K3 RHU Roster 1.24.20
2.  K3 RHU Schedule 1.10.20-1.24.20

REQUEST NO. 14

Shift rosters, logs, sign-in sheets, and any other documents showing all officers who were posted or deployed on Unit N1, in the first floor main corridor, in the general population visiting room, including all interview areas used, and on any search teams searching people or cells on all shifts on January 10, 2020.

RESPONSE NO. 14

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1.  Shift Roster 1.10.20

REQUEST NO. 15

All shift commander reports, climate reports, meeting notes and minutes for meetings at SBCC, and institutional overview reports for each shift at SBCC during the Lockdown.

RESPONSE NO. 15

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. Meeting Minutes dated January 13, 2020
2. Climate Reports for January 2020
3. Climate Reports for February 2020

The Defendants further state that discovery is ongoing, and they reserve the right to supplement this response.

REQUEST NO. 16

All unit and activity logs for each shift for the following days and units in SBCC during the Lockdown:

a. January 10, Unit N1
b. January 11, Unit K2
c. January 12, Units H1, N1, and Health Services Unit (HSU)
d. January 13, Units G2, J1, P2, STP, HSU
e. January 16, Unit K3
f. January 21, Units H2, K2, M2, P1
g. January 22, Units G1, L2, K3, L3, N1, N2, P2, Northside gym
h. January 23, Units H1, H2, J2, J3, K2, L2, L3, M2, P1
i. January 24, Units N2, P1
j. January 25, Unit L2, P1
k. January 27, Units L1, N2, N3, P2
l. January 30, Units K3
m. January 31, Unit K3
n. February 3, Units J3, P2, HSU
o. February 6, Units J3, K3

RESPONSE NO. 16

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. January 10 – February 6 Unit Logs

REQUEST NO. 17

For each deployment of a taser during the Lockdown, all data recorded by the taser including but not limited to time of deployment, mode of deployment, and length of deployment.

RESPONSE NO. 17

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents produced herein (See:  Investigations produced in response to No. 86) and further produce the following:

1. Electronic Control Weapons (ECW) Use Reporting

REQUEST NO. 18

All documents concerning the sign-out and sign-in of weapons and ammunition by officers present at SBCC during the Lockdown, including all documents reflecting the amount, quantity, or inventory of ammunition used by shift for each pepperball gun, chemical agent dispenser, or other weapon deployed.

RESPONSE NO. 18

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and responsive documents will be produced.

REQUEST NO. 19

All documentation of each K9 and K9 team present at SBCC during the Lockdown, along with the training record and bite logs for each K9.

RESPONSE NO. 19

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following documents:

10

1. K-9 Assignments

Defendants further state that that discovery is ongoing and it reserves the right to supplement this response.

REQUEST NO. 20

All logs recording visits to prisoners at SBCC from January 1, 2020, through March 1, 2020.

RESPONSE NO. 20

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent that it seeks personal information relating to third parties, which constitutes an unwarranted invasion of personal privacy. Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. SBCC Visitor Log (1.1.2020-3.1.2020)

REQUEST NO. 21

All logs of telephone calls made by prisoners at SBCC from January 1, 2020, through March 1, 2020.

RESPONSE NO. 21

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent that it seeks personal information relating to the identity and phone numbers of third parties, which constitutes an unwarranted invasion of personal privacy. Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Call Detail Reports and PAN Lists of Dwayne Diggs, Demetrius Goshen, and James Jacks.
2. Call Detail Reports and PAN Lists of David Jackson, Raphael Rebollo, Luis Saldana, Davongie Stone, Xavier Valentin-Soto, and Danavian Daniel will be produced.

REQUEST NO. 22

Logs of all sick slips submitted at SBCC from January 1, 2019, through January 1, 2021, including all documents reflecting the name, date on slip, reason for submission, unit of person submitting

the slip and date medical staff saw the person submitting the slip in response to the slip.

RESPONSE NO. 22

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of medical information concerning inmates other than the plaintiffs, which is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  Defendants further object to this request to the extent that it seeks documents not created by defendants and further state that a request for certified medical and mental health records is more appropriately directed to the keeper of records for the provider(s). Notwithstanding these objections and without waiver thereof, Defendants refer to Response No. 5.

REQUEST NO. 23

Logs of all Code 99, crisis calls, Medic 5 calls, and emergencies called at SBCC from January 1, 2019 through January 1 2021, including all documents reflecting the name of the prisoner(s) involved, date of call, reason for the call, unit of person who is the subject of the call and the result of the call.

RESPONSE NO. 23

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of medical information concerning inmates other than the plaintiffs, which is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).   Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  Inner Control Log 01/10/2020 – 02/04/2020

REQUEST NO. 24

All manufacturer(s)' instructions, manuals, or user guides for each type of chemical weapon and ammunition/ agent deployed by any corrections officer during the Lockdown.

RESPONSE NO. 24

Defendants object to this request to the extent that it seeks policies or procedures that are not

publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Notwithstanding these objections and without waiver thereof, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions.  Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC.  Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

REQUEST NO. 25

All manufacturer(s)' instructions, manuals, or user guides for each model of Taser deployed by any corrections officer during the Lockdown.

RESPONSE NO. 25

Defendants object to this request to the extent that it seeks policies or procedures that are not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b).  Notwithstanding these objections and without waiver thereof, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions.  Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC.  Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

REQUEST NO. 26

All documents concerning contracting, engagement, training, and/or deployment of individuals from other law enforcement or correctional agencies for tactical or other operations in DOC, in effect on January 10, 2020, and at any time since.

RESPONSE NO. 26

Defendants object to this request to the extent that it seeks policies or procedures that are not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents produced hereto and further produce the following:

1. 103 DOC 561 Planned Institutional Searches Conducted by Special Operations Response Unit

Defendants further state that discovery is ongoing and they reserve the right to supplement this

13

response.

REQUEST NO. 27

All handbooks, manuals or other documents in effect at the time of the Lockdown, and at any time since, written for prisoners concerning SBCC, including but not limited to orientation manuals and manuals for specific units.

RESPONSE NO. 27

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further objects to this request to the extent that it is vague and ambiguous and unlimited as to time and scope. Answering further, Defendants state that all department-wide policies that are made publicly available, are equally available to Plaintiff at his institutional law library. Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Inmate Orientation Booklet in English
2. Inmate Orientation Booklet in Spanish

REQUEST NO. 28

All handbooks, operations manuals, rules, and similar documents for staff in effect at the time of the Lockdown, and at any time since, concerning operations at SBCC and in specific units.

RESPONSE NO. 28

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks policies or procedures that are not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Answering further, Defendants state that all department-wide policies that are made publicly available, are equally available to Plaintiffs at their institutional law library.

REQUEST NO. 29

All duty rosters and shift logs reflecting staff assigned to or otherwise deployed at SBCC for each shift during the Lockdown, including but not limited to all Special Operations Unit or tactical unit rosters and logs.

RESPONSE NO. 29

14

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. Daily Shift Rosters

REQUEST NO. 30

All duty rosters, shift logs, and other documents reflecting the identity, agency, rank, and assignment of each officer deployed at SBCC from a non-DOC agency during the Lockdown.

RESPONSE NO. 30

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to Response No. 29.

REQUEST NO. 31

All documents concerning the Lockdown, including but not limited to all documents created in whole or part by, or received by, any of the Defendants concerning the Lockdown.

RESPONSE NO. 31

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent it seeks the legal reasoning and theories of their contentions. Defendants object to this request to the extent that is seeks information that is protected by attorney-client privilege, work product doctrine, and/or are documents prepared in anticipation of litigation. Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto and state that discovery is ongoing and it reserves the right to supplement this response.

REQUEST NO. 32

All documents concerning any history of conflict between any officer assigned to work on Unit N1 on January 10, 2020, and any prisoner housed in Unit N1 on that date, including but not limited to any grievances, incident reports, or investigations concerning such conflict.

15

RESPONSE NO. 32

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it is vague and ambiguous with the word "conflict" being subjective and open to interpretation, and unlimited as to time and scope.

REQUEST NO. 33

All documents concerning the N1 incident and/or the Department's response to the incident, including but not limited to the following kinds of documents:

   a. Incident reports and confidential incident reports;
   b. Log entries;
   c. End of shift reports;
   d. After-action reports ;
   e. Institutional duty station logs;
   f. Departmental duty station logs;
   g. Significant occurrence reports;
   h. Urgent matter reports;
   i. Memoranda;
   j. Meeting minutes;
   k. Action plans;
   l. Analyses;
   m. Emails, texts, and other correspondence;
   n. Investigations;
   o. Prisoner injury reports;
   p. Officer injury reports;
   q. Videos and photographs in digital color format;
   r. Grievances;
   s. Prisoner discipline reports, including reports, charges, investigations, hearings, and outcomes,
   t. Officer discipline, including complaints of officer misconduct, reports, charges, investigations, hearings, and outcomes; and
   u. Reports to the District Attorney of any criminal action by any prisoner or officer.

RESPONSE NO. 33

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of medical information concerning inmates other

than the plaintiffs, which is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendants further object to this request to the extent that is seeks information that is protected by attorney-client privilege, work product doctrine, and/or are documents prepared in anticipation of litigation. Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. N1 Housing Unit Videos
2. Photos
3. List of UOF
4. SBCC N1 Housing Unit Search
5. SBCC N1 Cell Removal Teams
6. 1.10.2020 Urgent Matter Report

Defendants state that discovery is ongoing and they reserve the right to supplement this response.

<u>REQUEST NO. 34</u>

All orders, memorandums, instructions, or other communications to DOC staff and contractors from the DOC or any Defendant concerning the N1 incident and/or the Department's response to the N1 incident.

<u>RESPONSE NO. 34</u>

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request on the grounds that that it is vague and ambiguous, overbroad and unduly burdensome. Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto and state that discovery is ongoing and it reserves the right to supplement this response.

<u>REQUEST NO. 35</u>

All memoranda, notes of verbal communication, or other communications concerning the N1 incident and/or the Department's response to the N1 incident from DOC or any Defendant to any media outlet, and to any legislator, any person in the Executive Office of Public Safety and Security (EOPSS) or any other politician.

<u>RESPONSE NO. 35</u>

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated

to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents produced hereto, including emails produced in response to Request No. 83.  Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 36

All memoranda, notes of verbal communication, or other communications concerning the N1 incident and/or the Department's response to the N1 incident from DOC or any Defendant to Massachusetts Correction Officers Federated Union (MCOFU) or its representatives or any other union representing staff at SBCC, or from such union or MCOFU to DOC or any Defendant.

RESPONSE NO. 36

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents produced hereto, including emails produced to Request No. 83. Answering further, Defendants state that discovery is ongoing, and they reserve the right to supplement this response.

REQUEST NO. 37

All documents concerning any internal DOC or outside investigation or analysis of any aspect of the N1 Incident or any occurrence during the Lockdown, including but not limited to the complete file(s) of all such investigation(s), and digital color copies of all photographs, audio tapes, video tapes, surveillance tapes, interview notes, memoranda, cover sheets, reviews, reports, correspondence, meeting minutes, and any other evidence or materials concerning such investigation or analysis.

RESPONSE NO. 37

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of medical information concerning inmates other than the plaintiffs, which is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).   Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto (see Investigations attached in response to Nos. 33 and 86) and state that the following videos will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  Luis Saldana

18

2. James Jacks
3. Davongie Stone
4. Raphael Rebollo
5. Xavier Valentin-Solo
6. David Jackson
7. Daniel Danavian
8. Demetrius Goshen

Defendants state that discovery is ongoing, and they reserve the right to supplement this response.

REQUEST NO. 38

All video recordings, whether from a handheld or fixed tier camera, audio recordings including radio transmissions, or photographs that capture any aspect of the Lockdown, including all photographs of prisoner injuries, and including all video captured by any taser or other weapon. Please produce all photographs in digital color format.

RESPONSE NO. 38

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that it is vague and oppressive due to the size of information being requested, and it seeks documents related to non-party inmates which are not irrelevant to the subject matter of this litigation. Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto and state that discovery is ongoing and they reserve the right to supplement this response.  Defendants further state that Plaintiffs seek a sizable amount of data information relating to videos which is not readily and easily transferable to Plaintiffs.

REQUEST NO. 39

Along with the recordings, please produce any log(s) or chronology(s) created by Department of Correction (DOC) staff concerning what is seen or heard in the recordings.

RESPONSE NO. 39

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that is seeks information that is protected by attorney-client privilege, work product doctrine, and/or are documents prepared in anticipation of litigation.

REQUEST NO. 40

All documents concerning the declaration of a major disorder or disturbance during the Lockdown, including all written directives or communications about the rules in place during each and every stage of the Lockdown.

RESPONSE NO. 40

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures. Answering further, Defendants refer Plaintiffs to the documents attached hereto and state that discovery is ongoing and it reserves the right to supplement this response.

REQUEST NO. 41

All documents concerning the authorization and implementation of cell, unit, or facility wide searches at any time during the Lockdown.

RESPONSE NO. 41

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks informa
tion that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of Criminal Offender Record Information ("CORI") concerning inmates other than the plaintiffs, which is prohibited from disclosure pursuant to G.L. c. 6, §§ 167-178P in the absence of a release or court order. Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. Special Operations Division - Housing Unit Search Logs

REQUEST NO. 42

All documents related to the contraband collected during such searches, specific to the area searched and the team that did the searching, and including notice to the prisoner of contraband identified and method of disposal used.

RESPONSE NO. 42

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to Response No. 41. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 43

All Operations Orders issued during the Lockdown under 103 DOC 561.02

RESPONSE NO. 43

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing, and they reserve the right to supplement this response.

REQUEST NO. 44

All videotaped briefings under 103 DOC 561.03(C).

RESPONSE NO. 44

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that there are no responsive documents.

REQUEST NO. 45

All videotapes created pursuant to 103 DOC 561.03(D).

RESPONSE NO. 45

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and

21

without waiver thereof, Defendants refer Plaintiffs to Response No. 38.

REQUEST NO. 46

All documents created pursuant to 103 DOC 561.05.

RESPONSE NO. 46

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 47

All video recordings created pursuant to 103 DOC 561.08.

RESPONSE NO. 47

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 48

All briefings and directives pursuant to 103 DOC 561.10

RESPONSE NO. 48

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 49

All documentation created or maintained pursuant to 103 DOC 561.11.

RESPONSE NO. 49

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 50

All documents concerning prisoner moves, housing reassignments, and transfers to different facilities during the Lockdown.

RESPONSE NO. 50

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 51

All documents concerning discipline of prisoners who received disciplinary reports stemming from incidents occurring at SBCC during the Lockdown, including without limitation disciplinary reports, hearing reports, sanctions, reviews, and appeals.

RESPONSE NO. 51

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks production of Criminal Offender Record Information ("CORI") concerning inmates other than the plaintiffs, which is prohibited from disclosure pursuant to G.L. c. 6, §§ 167-178P in the absence of a release or court order. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve

the right to supplement this response.

REQUEST NO. 52

All documents concerning the deployment at SBCC of any team of officers under the direction of the Special Operations Division including but not limited to any tactical team and recording each use of force in which such a team was engaged at any time during the Lockdown.

RESPONSE NO. 52

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that this request is not limited in scope as to time. Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 53

All documents concerning the deployment at SBCC of any team of officers under the direction of the Special Operations Division including but not limited to any tactical team, and recording each use of force in which such a team was engaged from January 1, 2017 to the time of response.

RESPONSE NO. 53

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 54

All documents concerning the authorization and implementation of a lockdown and/or any other alterations to the regular rules or schedule of services at SBCC at any time during the Lockdown as well as all documents concerning the authorization of an end to any such lockdown or alterations of services.

RESPONSE NO. 54

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated

to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

REQUEST NO. 55

The SBCC Institutional Policy and Procedures Manual in effect at the time of the N1 Incident and any changes to it during the Lockdown; along with the corresponding Study Guides on CD pursuant to 103 DOC 104.08 and the Civil Rights Impact Analysis and Certification for each policy, as required by 103 DOC 104.03(E).

RESPONSE NO. 55

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. Civ. P. 26(b). Notwithstanding these objections and without waiving said objections, Defendants produce the following:

1. 103 DOC 104, Internal Regulations/Policies, in effect January 2020.

Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 56

All documents reflecting any changes in policy, practice, or procedure in response to or as a result of the Lockdown or of any investigation of the Lockdown.

RESPONSE NO. 56

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that since January 2020, the Department of Correction ("DOC") has implemented new policies and practices and fine-tuned existing policies based on the experience gleaned from the event and produce the following documents:

1. 103 CMR 505, Use of Force, redline proposed changes.

Answering further, Defendants state that discovery is ongoing and they reserve the right to

supplement this response.

REQUEST NO. 57

All policies, procedures, guidelines or memoranda governing the use of the special weapons present at and used during the Lockdown.

RESPONSE NO. 57

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 58

All documents concerning the authorization of special weapons and tactics at SBCC during the Lockdown, including but not limited to authorization for the use of the following:

  a.  K9s;
  b.  Pepper ball guns;
  c.  Chemical agent in any form; and
  d.  Tasers.

RESPONSE NO. 58

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiving said objections, Defendants refer Plaintiffs to the documents attached hereto. Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 59

All policies, procedures, training materials, lesson plans and other documents, whether DOC-wide, Special Operations Unit-specific, or SBCC-specific, in effect as of January 10, 2020, and at any time since, concerning

  a.  Use of force, including the Pyramid of Force;
  b.  Tasers;
  c.  K9s;

26

   d.  Chemical agents, including but not limited to OC spray and "pepperballs," and including all documents concerning any medical or other contraindications (e.g., asthma) particular prisoners may have to being subject to chemical agents;;

   e.  De-escalation;

   f.  Report writing;

   g.  Restraints;

   h.  Cell extractions and/or planned uses of force;

   i.  Forced movement of inmates;

   j.  Use of a handheld video camera to record (a) the use of force, or (b) any other actions of, or interactions between, prisoners and/or staff;

   k.  Handling of prisoner property during a prisoner move from one cell, unit, or prison to another;

   l.  Strip searches;

   m.  Use of prisoner kneeling or other stress positions as a method of controlling prisoners or ensuring safety;

   n.  Use of chokeholds or kneeling on a person's neck or back;

   o.  Response to an obstructed cell window;

   p.  Security Threat Group (STG) identification and management;

   q.  Use of confidential informants;

   r.  Prisoner mental health care access, including crisis care;

   s.  Racial equity, unintentional bias or racial discrimination;

   t.  Communication and interaction with incarcerated people;

   u.  Disorder control or management, including those policies and training materials governing Special Operations Unit or tactical team response;

   v.  Employee dress code and uniforms, including dress code and uniform for tactical unit officers; and

   w.  Code 99 procedures.

## RESPONSE NO. 59

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent that all department-wide policies that are made publicly available and are equally available to Plaintiffs. Defendants further object to this request to the extent that it seeks policies or procedures that are not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Notwithstanding these objections and without waiving said objections, Defendants produce the following:

   1.  103 CMR 505, Use of Force

   2.  103 CMR 506, Search Policy

   3.  103 DOC 561, Planned Institutional Searches

Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 60

All policies, procedures, training materials, lesson plans and other documents, whether DOC-wide, Special Operations Unit-specific or SBCC specific, in effect as of January 10, 2020, and at any time since, concerning how to perform the supervisory responsibilities of a Sergeant, Lieutenant, Captain; the Director of Security; the Deputy Superintendent; a Superintendent; the Director of the Special Operations Unit, the Assistant Deputy Commissioner of Field Services; and the Deputy Commissioner of Field Services.

RESPONSE NO. 60

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent that all department-wide policies that are made publicly available and are equally available to Plaintiffs. Defendants further object to this request to the extent that it seeks policies or procedures that are not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Notwithstanding these objections and without waiving said objections, Defendants produce the following:

1. 103 DOC 206, Training and Staff Development
2. Defendants' Training Records

Answering further, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 61

All documents concerning the duties and responsibilities of Defendant Carol Mici as Commissioner of Correction, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 61

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to M.G.L. c. 124, § 1, Powers and Duties of Commissioner of Correction.

REQUEST NO. 62

All documents concerning the duties and responsibilities of Defendant Paul Henderson as Deputy Commissioner of Field Services, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 62

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. 103 DOC 102, <u>Department of Correction Organizational Function/Staff Meetings.</u>

REQUEST NO. 63

All documents concerning the duties and responsibilities of Defendant Patrick DePalo as Assistant Deputy Commissioner of Field Services, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 63

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 62.

REQUEST NO. 64

All documents concerning the duties and responsibilities of Defendant Charles Primack as Director of the Special Operations Unit including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 64

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 65

All documents concerning the duties and responsibilities of Defendant Steven P. Kenneway as Superintendent of SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 65

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 62 and produce the following:

  1.  Program Manager IX/Superintendent Position Description

REQUEST NO. 66

All documents concerning the duties and responsibilities of Defendant Dean Gray as Deputy Superintendent of SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 66

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following:

  1.  Program Manager VIII/Deputy Superintendent of Operations Position Description

REQUEST NO. 67

All documents concerning the duties and responsibilities of Defendant Ronald Gardner as Directory of Security at SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 67

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Program Manager VII/Director of Security Position Description

<u>REQUEST NO. 68</u>

All documents concerning the duties and responsibilities of each Defendant Captain, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

<u>RESPONSE NO. 68</u>

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Position Description Form 30 – Captain

<u>REQUEST NO. 69</u>

All documents concerning the duties and responsibilities of each Defendant Lieutenant, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

<u>RESPONSE NO. 69</u>

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Position Description Form 30- Lieutenant (CO III)

<u>REQUEST NO. 70</u>

All documents concerning the duties and responsibilities of each Defendant Sergeant, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

<u>RESPONSE NO. 70</u>

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these

31

objections and without waiver thereof, Defendants produce the following:

1. Position Description Form 30- Sergeant (CO II)

REQUEST NO. 71

All documents concerning the duties and responsibilities of each Defendant Corrections Officer, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 71

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. Position Description Form 30 – Correction Officer I

REQUEST NO. 72

All documents concerning the duties of a member of the Special Operations Unit or any tactical team, including but not limited to the HRT, CIRT, and K9 team, including but not limited to any post orders and job description, orders, or instructions in effect in January 2020 and at any time during the Lockdown.

RESPONSE NO. 72

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 73

All documents concerning the training of a member of the Special Operations Unit or any tactical team, including but not limited to the HRT, CIRT, and K9 team, at the time of the Lockdown and at any time since.

RESPONSE NO. 73

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated

to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this Request to the extent that it seeks information that is not publicly disseminated, the disclosure of which would jeopardize institutional and operational safety and security, as well as the public safety. See G.L. c.4, §7(26)(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the Defendants' training records attached as Response No. 60.

REQUEST NO. 74

All documents, such as organizational charts, sufficient to identify the chain of command of each individual Defendant during the Lockdown.

RESPONSE NO. 74

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 75

The complete personnel file, including all training records, internal affairs files, complaints, investigations, discipline, reprimands, commendations, and evaluations of each Defendant.

RESPONSE NO. 75

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks confidential personnel records, which constitute an unwarranted invasion of personal privacy and are exempt from public disclosure. See G.L. c.4, §7(26)(c). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 60 and further produce:

   1.  Defendants Disciplinary History

REQUEST NO. 76

Daily calendars, planners, diaries, end of shift reports, climate reports and any and all other documents showing the planned and actual whereabouts and activities of Defendants Mici, Henderson, DePalo, Primack, Kenneway, Gray, and Gardner for each day during the Lockdown.

RESPONSE NO. 76

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 77

All recordings, minutes or notes of any meeting in which one or more Defendants participated during the Lockdown or concerning the Lockdown.

RESPONSE NO. 77

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 78

All audio recordings, transcripts, notes, summaries and other documents concerning any and all interviews conducted of any prisoner or staff member concerning the events during the Lockdown.

RESPONSE NO. 78

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement discovery.

REQUEST NO. 79

All written or recorded statements of any Named Plaintiff or Defendant concerning events during the Lockdown.

RESPONSE NO. 79

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 78 and Response No. 1.

REQUEST NO. 80

All communications, including but not limited to memoranda, letters, faxes, emails, reports, text messages, and social media messages or postings, sent to or received by any individual Defendant on any communications platform concerning the Lockdown.

RESPONSE NO. 80

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that the records are not in the care, custody or possession of DOC.

REQUEST NO. 81

All written orders, or records of oral orders, given by any Defendant to any other DOC staff person during and concerning the Lockdown.

RESPONSE NO. 81

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).

REQUEST NO. 82.

All Facebook, Tik-Tok, SnapChat, Instagram, Twitter, Corrections One, or other social media platform posts or messages, whether posted or reposted or otherwise shared, including within any private groups on those platforms, concerning the Lockdown.

RESPONSE NO. 82

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request on the grounds that it seeks information from third parties and information not within its possession, custody, control, and is more appropriately discovered via keeper of records subpoena(s) with attached schedules, directed to the social media platforms and copying Defendants upon service of same, providing ample time for Defendants to oppose. Defendants further object to providing not only their own personal information, but also the information of their friends and family, to inmates, especially inmates who are associated with dangerous and retaliatory security threat groups, as the release of such information creates a risk to safety and security of Defendants, their families, and their friends.

35

REQUEST NO. 83.

All emails in each Defendant's DOC email accounts and any of Defendant's personal email accounts concerning the Lockdown or occurrences during it, including but not limited to emails responsive to the following keyword and Boolean searches: "lockdown"; "N1"; "SBCC"; "souza"; "tactical"; "tac!"; "SOD"; "spec ops"; "special ops"; "special operations"; "disorder"; "mission"; "shakedown"; "assault"; "Parent"; "Fuller"; "STG"; "gang"; "Latin Kings"; "LK"; "threat"; "HRT"; "h.r.t."; "c.i.r.t."; "CRT"; "K9"; "Daniel"; "Saldana"; "Rebollo"; "Diggs"; "Jacks"; "Jackson"; "Goshen"; "Stone"; "Valentin"; "Valentin-Soto".

RESPONSE NO. 83

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it is vague and ambiguous and unlimited as to time and scope. Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 84.

All documents redacted or withheld by DOC in their response to public records requests made by PLS on September 16, 2021 and a modified records request dated September 24, 2021, including but not limited to those documents redacted or withheld on the grounds that they were exempt from disclosure under the public records law and any documents attached to the responsive emails produced or withheld in the initial responses.

RESPONSE NO. 84

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent that the request seeks documents that are duplicative and previously produced. Notwithstanding these objections and without waiver thereof, Defendants state that discovery is ongoing and they reserve the right to supplement this response.

REQUEST NO. 85.

All documents concerning grievances, including informal grievances, formal grievances, and appeals, submitted at SBCC during the Lockdown or at any facility at any time about the Lockdown. The request includes all documents obtained, created, sent, or otherwise concerning the investigation of such grievances, including any investigation of employee misconduct.

RESPONSE NO. 85

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Defendants further object to this request to the extent that it seeks production of Criminal Offender Record Information ("CORI") concerning inmates other than the plaintiffs, which is prohibited from disclosure pursuant to G.L. c. 6, §§ 167-178P in the absence of a release or court order. Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1.  SBCC Grievances 2020.01.10 - 2020.04.01

REQUEST NO. 86.

All documents concerning allegations and investigations of employee misconduct for actions or inaction at any time during the Lockdown, including all documents concerning the disposition of such investigations and any discipline imposed or other actions taken as a result of the investigation.

RESPONSE NO. 86

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to documents produced herein.

REQUEST NO. 87.

All officer injury reports concerning injuries sustained by staff during the Lockdown.

RESPONSE NO. 87

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b).  Defendants further object to this request to the extent that it seeks production of medical information concerning DOC employees, which is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

REQUEST NO. 88.

Copies of the complaints and answers in any and all lawsuits filed by prisoners against DOC or

any DOC staff person concerning events during the Lockdown.

RESPONSE NO. 88

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Answering further, Defendants state that any complaints and answers of lawsuits are readily available to Plaintiffs' Counsel through the judicial public docket.

REQUEST NO. 89.

Copies of all MCOFU or other union communications with DOC, including but not limited to grievances, during or concerning the Lockdown, and the Department's responses to such communications.

RESPONSE NO. 89

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this Request to the extent that it seeks documents not created by Defendants and that a request for communications generated by the MCOFU is more appropriately directed to the keeper of records for that entity.

REQUEST NO. 90.

Any and all policies, procedures, and memoranda in effect from January 1, 2019 to the present, including any special policies or orders during the Lockdown, concerning the criteria used for determining when to send a prisoner to an outside hospital for emergency medical treatment, including any special policies or orders during the Lockdown.

RESPONSE NO. 90

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent it seeks documents not created by Defendants. Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. 103 DOC 604, Outside Hospital Relations
2. Souza Baranowski Correctional Center Procedure, 103 DOC 604, Outside Hospital Relations

REQUEST NO. 91.

Any and all policies, procedures, and memoranda in effect from January 1, 2019, to the present, including any special policies or orders during the Lockdown, concerning emergency mental health care, including but not limited to any and all policies, procedures, and memoranda concerning prisoners' summoning such care including "medic 5."

RESPONSE NO. 91

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent it seeks documents not created by Defendants. Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. 103 DOC 650, <u>Mental Health Services</u>
2. Souza Baranowski Correctional Center Procedure, 103 DOC 650, <u>Mental Health Services</u>

REQUEST NO. 92.

All policies, procedures, and protocols, including DOC policies and policies of any of its mental health providers, related to the identification, care and/or treatment of prisoners with mental health disorders.

RESPONSE NO. 92

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent it seeks documents not created by Defendants. Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 90 and No. 91.

REQUEST NO. 93.

All policies, procedures, and protocols, including DOC policies and policies of any of its mental health providers, concerning the identification, care, and/or treatment of prisoners at risk of committing suicide.

RESPONSE NO. 93

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that it irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent it seeks documents not created by Defendants. Notwithstanding these

objections and without waiver thereof, Defendants refer Plaintiffs to Response No. 90 and No. 91.

REQUEST NO. 94

All documents concerning Defendants' affirmative defenses.

RESPONSE NO. 94

Defendants object to this request on the grounds that that it is vague and ambiguous, overbroad and unduly burdensome. Defendants object to this request to the extent it seeks the legal reasoning and theories of their contentions. Defendants object to this Request to the extent that is seeks information that is protected by attorney-client privilege, work product doctrine, and/or are documents prepared in anticipation of litigation.

Notwithstanding these objections and without waiver thereof, Defendants refer Plaintiffs to the documents attached hereto and state that discovery is ongoing and it reserves the right to supplement this response.

REQUEST TO ENTER UPON LAND FOR INSPECTION

REQUEST NO. 95

Plaintiffs' counsel request, at a mutually convenient time, to enter, inspect, photograph and measure each area of SBCC relevant to any allegation described in the Complaint, including but not limited to: a. Units N1, P1, L2, L3, K3.

RESPONSE NO. 95

Defendants object to allowing Plaintiffs' counsel to inspect, take photographs and/or measurements relating to any areas of the facility as the release of such information creates a risk to safety and security of staff and inmates.

Defendants state that its primary function is to maintain secure penal institutions and further states that the information being sought in this Request is not subject to public records and presents significant safety/security concerns, see G.L. c. 4, §7(26)(n) which states:

"(n) records, including, but not limited to, blueprints, plans, policies, procedures and schematic drawings, which relate to internal layout and structural elements, security measures, emergency preparedness, threat or vulnerability assessments, or any other records relating to the security or safety of persons or buildings, structures, facilities, utilities, transportation, cyber security or other infrastructure located within the commonwealth, the disclosure of which, in the reasonable judgment of the record custodian, subject to review by the supervisor of public records under subsection (c) of section 10 of chapter 66, is likely to jeopardize public safety or cyber security."

Dated: January 9, 2023

Respectfully submitted,
NANCY ANKERS WHITE
Special Assistant Attorney General

*/s/ Stephanie M. Caffrey*
Stephanie M. Caffrey (BBO # 697075)
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us

41