# **EXHIBIT 8**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:22-cv-40003

DWAYNE DIGGS, DEMETRIUS GOSHEN,
JAMES JACKS, DAVID JACKSON,
RAPHAEL REBOLLO, LUIS SALDANA,
DAVONGIE STONE, XAVIER
VALENTIN-SOTO, and DANAVIAN DANIEL,

    Plaintiffs,

V.

CAROL MICI, Commissioner of the Massachusetts
Department of Correction; PAUL HENDERSON,
former Deputy Commissioner of Field Services;
CHARLES PRIMACK, Director of Special
Operations; STEVEN KENNEWAY, former
Superintendent of Souza-Baranowski Correctional
Center; DEAN GRAY, Superintendent of
Souza-Baranowski Correctional Center; RONALD
GARDNER, Director of Security at Souza-Baranowski
Correctional Center; Captains DONALD DENOMME and
DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE,
ROBERT DESCHENNE, JAMES ALLAIN, and
JAMES GEARIN; Sergeant ROBERT D'AMADIO;
Correction Officers JOSEPH BELLINI and
JOHN MADDEN; and K9 Officer EVAN LARANJO,

    Defendants.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS AND REQUEST TO ENTER UPON LAND FOR INSPECTION**

    Massachusetts Department of Correction ("Department"), as the appropriate record keeper for records kept in the normal course of business for the Department, defendants incorporate by reference all objections all objections raised in their Response to Plaintiffs' First Request for Production of Documents. These responses are based on information reasonably available to Defendants at the present time. Defendants reserve the right to amend and supplement these responses if and when additional information becomes available.

Nothing contained in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, protection, law, or rule.

Defendants, in providing documents requested, do not waive any objections with respect to the admission of the documents and information into evidence, if and to the extent such information is immaterial, irrelevant, or otherwise objectionable. Defendants also generally object to the request to the extent it seeks documents not in their personal possession, custody, or control. Without waiving any objections, Defendants state that discovery is ongoing, and they reserve the right to supplement any response. Defendants further state that any confidential documents will be produced subject to the Protective Order and applicable waivers.

REQUEST NO. 26

All documents concerning contracting, engagement, training, and/or deployment of individuals from other law enforcement or correctional agencies for tactical or other operations in DOC, in effect on January 10, 2020, and at any time since.

SUPPLEMENTAL RESPONSE NO. 26

There are no additional responsive documents.

REQUEST NO. 27

All handbooks, manuals or other documents in effect at the time of the Lockdown, and at any time since, written for prisoners concerning SBCC, including but not limited to orientation manuals and manuals for specific units.

SUPPLEMENTAL RESPONSE NO. 27

1. January 30, 2020 Memorandum to Inmates from Superintendent Steven Kenneway regarding Housing Status Changes.

REQUEST NO. 32

All documents concerning any history of conflict between any officer assigned to work on Unit N1 on January 10, 2020, and any prisoner housed in Unit N1 on that date, including but not limited to any grievances, incident reports, or investigations concerning such conflict.

SUPPLEMENTAL RESPONSE NO. 32

Defendants state that there are no responsive documents.

REQUEST NO. 36

All memoranda, notes of verbal communication, or other communications concerning the N1 incident and/or the Department's response to the N1 incident from DOC or any Defendant to

2

Massachusetts Correction Officers Federated Union (MCOFU) or its representatives or any other union representing staff at SBCC, or from such union or MCOFU to DOC or any Defendant.

SUPPLEMENTAL RESPONSE NO. 36

Defendants state that there are no responsive documents.

REQUEST NO. 59

All policies, procedures, training materials, lesson plans and other documents, whether DOC-wide, Special Operations Unit-specific, or SBCC-specific, in effect as of January 10, 2020, and at any time since, concerning:

a. Use of force, including the Pyramid of Force;
b. Tasers;
c. K9s;
d. Chemical agents, including but not limited to OC spray and "pepperballs," and including all documents concerning any medical or other contraindications (e.g., asthma) particular prisoners may have to being subject to chemical agents;;
e. De-escalation;
f. Report writing;
g. Restraints;
h. Cell extractions and/or planned uses of force;
i. Forced movement of inmates;
j. Use of a handheld video camera to record (a) the use of force, or (b) any other actions of, or interactions between, prisoners and/or staff;
k. Handling of prisoner property during a prisoner move from one cell, unit, or prison to another;
l. Strip searches;
m. Use of prisoner kneeling or other stress positions as a method of controlling prisoners or ensuring safety;
n. Use of chokeholds or kneeling on a person's neck or back;
o. Response to an obstructed cell window;
p. Security Threat Group (STG) identification and management;
q. Use of confidential informants;
r. Prisoner mental health care access, including crisis care;
s. Racial equity, unintentional bias or racial discrimination;
t. Communication and interaction with incarcerated people;
u. Disorder control or management, including those policies and training materials governing Special Operations Unit or tactical team response;
v. Employee dress code and uniforms, including dress code and uniform for tactical unit officers; and
w. Code 99 procedures.

SUPPLEMENTAL RESPONSE NO. 59

1. 103 CMR 481, Inmate Mail
2. 103 CMR 482, Telephone Access and Use
3. 103 CMR 483, Visiting Procedures
4. 103 DOC 224, Uniforms
5. 103 DOC 503, Forced Movement of Inmates
6. 103 DOC 509, Chemical Agents, Specialty Impact Munitions/Distraction Devices, Batons, and Electronic Control Devices
7. 103 DOC 558, Canine Unit
8. 103 DOC 559, Special Operations Response Units
9. 103 DOC 562, Code 99 Emergency Response Guidelines

REQUEST NO. 72

All documents concerning the duties of a member of the Special Operations Unit or any tactical team, including but not limited to the HRT, CIRT, and K9 team, including but not limited to any post orders and job description, orders, or instructions in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 72

Defendants state that there are no responsive documents.

REQUEST NO. 76

Daily calendars, planners, diaries, end of shift reports, climate reports and any and all other documents showing the planned and actual whereabouts and activities of Defendants Mici, Henderson, DePalo, Primack, Kenneway, Gray, and Gardner for each day during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 76

1. JetBlue Itinerary- Carol Mici

REQUEST NO. 82.

All Facebook, Tik-Tok, SnapChat, Instagram, Twitter, Corrections One, or other social media platform posts or messages, whether posted or reposted or otherwise shared, including within any private groups on those platforms, concerning the Lockdown.

SUPPLEMENTAL RESPONSE NO. 82

Defendants state that there are no responsive documents.

4

REQUEST NO. 88.

Copies of the complaints and answers in any and all lawsuits filed by prisoners against DOC or any DOC staff person concerning events during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 88

1. Burrell v. Kenneway, et. al.; USDC 20-cv-11776; Complaint and Answer;
2. Denson v. Mici, et. al.; Worcester Superior 2185CV00101; Complaint and Answer;
3. Gaskins, et. al. v. Mici, et. al.; Worcester Superior 2085CV00415; Complaint;
4. Gibson v. Commonwealth, et. al.; Suffolk Superior 2084CV03056; Complaint;
5. Gibson v. Commonwealth, et. al.; Suffolk Superior 2084CV02663; Complaint and Answer;
6. Graulau, et. al. v. Turco, et. al.; USDC 23-cv-10129; Complaint and Answer;
7. Molinari v. Frink, et. al.; USDC 20-cv-11922; Complaint;
8. Monahan v. Mici, et. al.; Suffolk Superior 2384CV00261; Complaint;
9. Silva-Prentice, et. al. v. Turco, et. al.; USDC 1:21-cv-11580; Complaint and Answer;
10. Washington v. DOC, et. al.; USDC 23-10063; Complaint and Answer.

REQUEST NO. 89

Copies of all MCOFU or other union communications with DOC, including but not limited to grievances, during or concerning the Lockdown, and the Department's responses to such communications.

SUPPLEMENTAL RESPONSE NO. 89

Defendants state that there are no responsive documents.

Dated: May 19, 2023

Respectfully submitted,
NANCY ANKERS WHITE
Special Assistant Attorney General

*/s/ Stephanie M. Caffrey*
Stephanie M. Caffrey (BBO# 697075)
Brittni Wipper (BBO# 696783)
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us
Brittni.Wipper@doc.state.ma.us