# **EXHIBIT 13**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:22-cv-40003

DWAYNE DIGGS, DEMETRIUS GOSHEN,
JAMES JACKS, DAVID JACKSON,
RAPHAEL REBOLLO, LUIS SALDANA,
DAVONGIE STONE, XAVIER
VALENTIN-SOTO, and DANAVIAN DANIEL,

    Plaintiffs,

V.

CAROL MICI, Commissioner of the Massachusetts
Department of Correction; PAUL HENDERSON,
former Deputy Commissioner of Field Services;
CHARLES PRIMACK, Director of Special
Operations; STEVEN KENNEWAY, former
Superintendent of Souza-Baranowski Correctional
Center; DEAN GRAY, Superintendent of
Souza-Baranowski Correctional Center; RONALD
GARDNER, Director of Security at Souza-Baranowski
Correctional Center; Captains DONALD DENOMME and
DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE,
ROBERT DESCHENNE, JAMES ALLAIN, and
JAMES GEARIN; Sergeant ROBERT D'AMADIO;
Correction Officers JOSEPH BELLINI and
JOHN MADDEN; and K9 Officer EVAN LARANJO,

    Defendants.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS AND REQUEST TO ENTER UPON LAND FOR INSPECTION**

    Massachusetts Department of Correction ("Department"), as the appropriate record keeper for records kept in the normal course of business for the Department, defendants incorporate by reference all objections all objections raised in their Response to Plaintiffs' First Request for Production of Documents. These responses are based on information reasonably available to Defendants at the present time. Defendants reserve the right to amend and supplement these responses if and when additional information becomes available.

Nothing contained in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, protection, law, or rule.

Defendants, in providing documents requested, do not waive any objections with respect to the admission of the documents and information into evidence, if and to the extent such information is immaterial, irrelevant, or otherwise objectionable. Defendants also generally object to the request to the extent it seeks documents not in their personal possession, custody, or control. Without waiving any objections, Defendants state that discovery is ongoing, and they reserve the right to supplement any response. Defendants further state that any confidential documents will be produced subject to the Protective Order and applicable waivers.

REQUEST NO. 2

All documents identified in Defendants' responses to Plaintiffs' interrogatories.

SUPPLEMENTAL RESPONSE NO. 2

1. Massachusetts Department of Correction Inmate-on-Staff Assaults (2017-2020);
2. 2021 Performance Indicators Data;
3. 2022 Performance Indicators Data (January-April).

REQUEST NO. 19

All documentation of each K9 and K9 team present at SBCC during the Lockdown, along with the training record and bite logs for each K9.

SUPPLEMENTAL RESPONSE NO. 19

Defendants state that there are no bite logs and therefore no additional responsive documents.

REQUEST NO. 28

All handbooks, operations manuals, rules, and similar documents for staff in effect at the time of the Lockdown, and at any time since, concerning operations at SBCC and in specific units.

SUPPLEMENTAL RESPONSE NO. 28

Aside from the Bluebook previously produced, Defendants state that there are no additional handbooks responsive to this request.

REQUEST NO. 37

All documents concerning any internal DOC or outside investigation or analysis of any aspect of the N1 Incident or any occurrence during the Lockdown, including but not limited to the complete file(s) of all such investigation(s), and digital color copies of all photographs, audio tapes, video tapes, surveillance tapes, interview notes, memoranda, cover sheets, reviews, reports,

correspondence, meeting minutes, and any other evidence or materials concerning such investigation or analysis.

SUPPLEMENTAL RESPONSE NO. 37

1. Color Photographs

REQUEST NO. 38

All video recordings, whether from a handheld or fixed tier camera, audio recordings including radio transmissions, or photographs that capture any aspect of the Lockdown, including all photographs of prisoner injuries, and including all video captured by any taser or other weapon. Please produce all photographs in digital color format.

SUPPLEMENTAL RESPONSE NO. 38

See Supplemental Response No. 37.

REQUEST NO. 53

All documents concerning the deployment at SBCC of any team of officers under the direction of the Special Operations Division including but not limited to any tactical team, and recording each use of force in which such a team was engaged from January 1, 2017 to the time of response.

RESPONSE NO. 53

1. Special Operations Deployments at SBCC from January 2017- January 2020.

REQUEST NO. 55

The SBCC Institutional Policy and Procedures Manual in effect at the time of the N1 Incident and any changes to it during the Lockdown; along with the corresponding Study Guides on CD pursuant to 103 DOC 104.08 and the Civil Rights Impact Analysis and Certification for each policy, as required by 103 DOC 104.03(E).

SUPPLEMENTAL RESPONSE NO. 55

Defendants state that there are no additional responsive documents.

REQUEST NO. 61

All documents concerning the duties and responsibilities of Defendant Carol Mici as Commissioner of Correction, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 61

Defendants state there are no post orders for the Commissioner of Correction and therefore no additional responsive documents.

3

REQUEST NO. 62

All documents concerning the duties and responsibilities of Defendant Paul Henderson as Deputy Commissioner of Field Services, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 62

Defendants state there are no post orders for the Deputy Commissioner of Field Services and therefore no additional responsive documents.

REQUEST NO. 63

All documents concerning the duties and responsibilities of Defendant Patrick DePalo as Assistant Deputy Commissioner of Field Services, including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 63

Defendants state there are no post orders for the Assistant Deputy Commissioner of Field Services and therefore no additional responsive documents.

REQUEST NO. 64

All documents concerning the duties and responsibilities of Defendant Charles Primack as Director of the Special Operations Unit including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 64

Defendants state there are no post orders for the Director of the Special Operations Unit and therefore no additional responsive documents.

REQUEST NO. 65

All documents concerning the duties and responsibilities of Defendant Steven P. Kenneway as Superintendent of SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 65

Defendants state there are no post orders for the Superintendent of SBCC and therefore no additional responsive documents.

REQUEST NO. 66

All documents concerning the duties and responsibilities of Defendant Dean Gray as Deputy Superintendent of SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 66

Defendants state there are no post orders for the Deputy Superintendent of SBCC and therefore no additional responsive documents.

REQUEST NO. 67

All documents concerning the duties and responsibilities of Defendant Ronald Gardner as Directory of Security at SBCC including but not limited to any post orders and written job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 67

Defendants state there are no post orders for the Director of Security at SBCC and therefore no additional responsive documents.

REQUEST NO. 68

All documents concerning the duties and responsibilities of each Defendant Captain, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 68

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

Withheld per objection: post orders.

REQUEST NO. 69

All documents concerning the duties and responsibilities of each Defendant Lieutenant, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 69

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

Withheld per objection: post orders.

REQUEST NO. 70

All documents concerning the duties and responsibilities of each Defendant Sergeant, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 70

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

Withheld per objection: post orders.

REQUEST NO. 71

All documents concerning the duties and responsibilities of each Defendant Corrections Officer, including but not limited to any post orders and job description in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 71

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as

knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures.

Withheld per objection: post orders.

REQUEST NO. 72

All documents concerning the duties of a member of the Special Operations Unit or any tactical team, including but not limited to the HRT, CIRT, and K9 team, including but not limited to any post orders and job description, orders, or instructions in effect in January 2020 and at any time during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 72

Defendants state there are no post orders for a member of the Special Operations Unit or any tactical team including by not limited to the HRT, CIRT, and K9 team and therefore no additional responsive documents.

REQUEST NO. 77

All recordings, minutes or notes of any meeting in which one or more Defendants participated during the Lockdown or concerning the Lockdown.

SUPPLEMENTAL RESPONSE NO. 77

There are no additional responsive documents.

REQUEST NO. 78

All audio recordings, transcripts, notes, summaries and other documents concerning any and all interviews conducted of any prisoner or staff member concerning the events during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 78

1. Audio Interviews produced Confidential—Subject to Protective Order.

REQUEST NO. 79

All written or recorded statements of any Named Plaintiff or Defendant concerning events during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 79

See Supplemental Response No. 78, produced Confidential—Subject to Protective Order.

REQUEST NO. 83

All emails in each Defendant's DOC email accounts and any of Defendant's personal email accounts concerning the Lockdown or occurrences during it, including but not limited to emails

responsive to the following keyword and Boolean searches: "lockdown"; "N1"; "SBCC"; "souza"; "tactical"; "tac!"; "SOD"; "spec ops"; "special ops"; "special operations"; "disorder"; "mission"; "shakedown"; "assault"; "Parent"; "Fuller"; "STG"; "gang"; "Latin Kings"; "LK"; "threat"; "HRT"; "h.r.t."; "c.i.r.t."; "CRT"; "K9"; "Daniel"; "Saldana"; "Rebollo"; "Diggs"; "Jacks"; "Jackson"; "Goshen"; "Stone"; "Valentin"; "Valentin-Soto".

SUPPLEMENTAL RESPONSE NO. 83

1. Emails of Steven Kenneway. from January 10, 2020 to February 6, 2020.

REQUEST NO. 86.

All documents concerning allegations and investigations of employee misconduct for actions or inaction at any time during the Lockdown, including all documents concerning the disposition of such investigations and any discipline imposed or other actions taken as a result of the investigation.

SUPPLEMENTAL RESPONSE NO. 86

1. IAU Cat II Inquiries (corrected);
2. IAU Cat II Investigations (corrected);
3. SBCC Cat I Investigations (corrected);
4. SBCC Inquiries (corrected).

Dated: July 21, 2023

    Respectfully submitted,
    NANCY ANKERS WHITE
    Special Assistant Attorney General

    */s/ Stephanie M. Caffrey*
    Stephanie M. Caffrey (BBO# 697075)
    Brittni Wipper (BBO# 696783)
    Department of Correction
    Legal Division
    70 Franklin Street, Suite 600
    Boston, MA 02110-1300
    (617) 727-3300, ext. 1154
    Stephanie.M.Caffrey@doc.state.ma.us
    Brittni.Wipper@doc.state.ma.us