# **EXHIBIT 15**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:22-cv-40003

DWAYNE DIGGS, DEMETRIUS GOSHEN,
JAMES JACKS, DAVID JACKSON,
RAPHAEL REBOLLO, LUIS SALDANA,
DAVONGIE STONE, XAVIER
VALENTIN-SOTO, and DANAVIAN DANIEL,

    Plaintiffs,

V.

CAROL MICI, Commissioner of the Massachusetts
Department of Correction; PAUL HENDERSON,
former Deputy Commissioner of Field Services;
CHARLES PRIMACK, Director of Special
Operations; STEVEN KENNEWAY, former
Superintendent of Souza-Baranowski Correctional
Center; DEAN GRAY, Superintendent of
Souza-Baranowski Correctional Center; RONALD
GARDNER, Director of Security at Souza-Baranowski
Correctional Center; Captains DONALD DENOMME and
DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE,
ROBERT DESCHENNE, JAMES ALLAIN, and
JAMES GEARIN; Sergeant ROBERT D'AMADIO;
Correction Officers JOSEPH BELLINI and
JOHN MADDEN; and K9 Officer EVAN LARANJO,

    Defendants.

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS AND REQUEST TO ENTER UPON LAND FOR INSPECTION

    Massachusetts Department of Correction ("Department"), as the appropriate record keeper for records kept in the normal course of business for the Department, defendants incorporate by reference all objections all objections raised in their Response to Plaintiffs' First Request for Production of Documents. These responses are based on information reasonably available to Defendants at the present time. Defendants reserve the right to amend and supplement these responses if and when additional information becomes available.

Nothing contained in these responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, protection, law, or rule.

Defendants, in providing documents requested, do not waive any objections with respect to the admission of the documents and information into evidence, if and to the extent such information is immaterial, irrelevant, or otherwise objectionable. Defendants also generally object to the request to the extent it seeks documents not in their personal possession, custody, or control. Without waiving any objections, Defendants state that discovery is ongoing, and they reserve the right to supplement any response.  Defendants further state that any confidential documents will be produced subject to the Protective Order and applicable waivers.

REQUEST NO. 7

The complete file maintained on each Named Plaintiff in relation to any Security Threat Group status DOC has assigned to that Plaintiff.

SUPPLEMENTAL RESPONSE NO. 7

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions. Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures. Nonetheless see the following documents produced pursuant to the Attorneys' Eyes Only Agreement:

1. Security Threat Group Information for Dwayne Diggs, Demetrius Goshen, James Jacks, Raphael Rebollo, Luis Saldana, Xavier Valentin-Soto, and Danavian Daniel.

Defendants state there are no responsive documents for David Jackson or Davongie Stone. Answering further, Defendants state discovery is ongoing and supplementary responses will be provided.

REQUEST NO. 24

All manufacturer(s)' instructions, manuals, or user guides for each type of chemical weapon and ammunition/ agent deployed by any corrections officer during the Lockdown.

SUPPLEMENTAL RESPONSE NO. 24

Defendants state the following documents are produced pursuant to the Attorneys' Eyes Only Agreement:

1. OC Instructor Manual;

2. OC User Course;
3. Pepperball Instructor Manual;
4. Specialty Impact Instructor Manual.

REQUEST NO. 59

All policies, procedures, training materials, lesson plans and other documents, whether DOC-wide, Special Operations Unit-specific, or SBCC-specific, in effect as of January 10, 2020, and at any time since, concerning

a. Use of force, including the Pyramid of Force;
b. Tasers;
c. K9s;
d. Chemical agents, including but not limited to OC spray and "pepperballs," and including all documents concerning any medical or other contraindications (e.g., asthma) particular prisoners may have to being subject to chemical agents;;
e. De-escalation;
f. Report writing;
g. Restraints;
h. Cell extractions and/or planned uses of force;
i. Forced movement of inmates;
j. Use of a handheld video camera to record (a) the use of force, or (b) any other actions of, or interactions between, prisoners and/or staff;
k. Handling of prisoner property during a prisoner move from one cell, unit, or prison to another;
l. Strip searches;
m. Use of prisoner kneeling or other stress positions as a method of controlling prisoners or ensuring safety;
n. Use of chokeholds or kneeling on a person's neck or back;
o. Response to an obstructed cell window;
p. Security Threat Group (STG) identification and management;
q. Use of confidential informants;
r. Prisoner mental health care access, including crisis care;
s. Racial equity, unintentional bias or racial discrimination;
t. Communication and interaction with incarcerated people;
u. Disorder control or management, including those policies and training materials governing Special Operations Unit or tactical team response;
v. Employee dress code and uniforms, including dress code and uniform for tactical unit officers; and
w. Code 99 procedures.

SUPPLEMENTAL RESPONSE NO. 59

Defendants incorporate the objections stated in their first response to Plaintiffs' Request for Production of Documents. Notwithstanding these objections, and without waiving said objections, Defendants state that one of the DOC's primary functions is to maintain secure penal institutions.

Information being sought in this request regarding certain procedures used by correctional officers during law enforcement activities relate solely to the internal workings of the DOC. Moreover, disclosure of this information could prove detrimental to the DOC's law enforcement efforts as knowledge of the DOC's security response procedures could enable an inmate to circumvent such procedures. Nonetheless see:

1. 103 DOC 514, STG Management (2019);
2. 103 DOC 514, STG Management (2021).

Answering further, Defendants state discovery is ongoing and supplementary responses will be provided.

Dated: August 11, 2023

                                               Respectfully submitted,
                                               NANCY ANKERS WHITE
                                               Special Assistant Attorney General

                                               */s/ Stephanie M. Caffrey*
                                               Stephanie M. Caffrey (BBO# 697075)
                                               Brittni Wipper (BBO# 696783)
                                               Department of Correction
                                               Legal Division
                                               70 Franklin Street, Suite 600
                                               Boston, MA 02110-1300
                                               (617) 727-3300, ext. 1154
                                               Stephanie.M.Caffrey@doc.state.ma.us
                                               Brittni.Wipper@doc.state.ma.us