# EXHIBIT 21

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 4:22-cv-40003

DWAYNE DIGGS, DEMETRIUS GOSHEN,
JAMES JACKS, DAVID JACKSON,
RAPHAEL REBOLLO, LUIS SALDANA,
DAVONGIE STONE, XAVIER
VALENTIN-SOTO, and DANAVIAN DANIEL,

    Plaintiffs,

V.

CAROL MICI, Commissioner of the Massachusetts
Department of Correction; PAUL HENDERSON,
former Deputy Commissioner of Field Services;
CHARLES PRIMACK, Director of Special
Operations; STEVEN KENNEWAY, former
Superintendent of Souza-Baranowski Correctional
Center; DEAN GRAY, Superintendent of
Souza-Baranowski Correctional Center; RONALD
GARDNER, Director of Security at Souza-Baranowski
Correctional Center; Captains DONALD DENOMME and
DAVID BRIEN; Lieutenants PAUL BIRRI, KEITH HOULE,
ROBERT DESCHENNE, JAMES ALLAIN, and
JAMES GEARIN; Sergeant ROBERT D'AMADIO;
Correction Officers JOSEPH BELLINI and
JOHN MADDEN; and K9 Officer EVAN LARANJO,

    Defendants.

**AFFIDAVIT OF KARA MORELLO-QUINN**

I, Kara Morello-Quinn, on oath depose and state as follows:

1)    I am a supervising paralegal employed by the Massachusetts Department of Correction ("DOC"). I have been employed by the DOC for the past 23 years. I have been the Supervising paralegal since 2017. In this capacity, I am responsible for submitting all requests for electronic discovery ("E-Discovery") for use in state and federal court litigation concerning the DOC and its employees.

2)     As part of the Legal Division, I supervise three paralegals, all based in the Boston Legal Office, while Michele Dupuis-Clarke, in her capacity as Supervising Paralegal, supervises four paralegals, two in the Boston Legal Office and two in the DOC's Milford Headquarters. Ms. Dupuis-Clarke splits her time between Boston and Milford. The Milford-based paralegals work in the Health Services Division, where they respond to continuing discovery requests for a class action settlement involving deaf and hard of hearing inmates, document requests in a Department of Justice settlement concerning provision of mental health care, document requests from the Disability Law Center regarding Bridgewater State Hospital and other DOC facilities, medical records requests (to include medical records for medical parole petitions), public records requests made to the DOC's Public Affairs Office, as well as other Milford Headquarters requests. The Boston-based paralegals work on voluminous discovery requests not only for this case, but also for the roughly 4,000 other lawsuits that the DOC Legal Division handles for the DOC.

3)     All E-Discovery requests are necessarily made through an electronic portal via the Executive Office of Technology Services and Security ("EOTSS"). On November 22, 2022, I submitted the initial request for E-Discovery for the Diggs Production of Documents Request. The requested was agreed upon by the parties for the time period of January 10, 2020 to February 6, 2020 was made for the following custodians:

1. Carol Mici    Carol.Mici@doc.state.ma.us
2. Paul Henderson    Paul.Henderson@doc.state.ma.us
3. Patrick DePalo    Patrick.Depalo@doc.state.ma.us
4. Charles Primack    Charles.Primack@doc.state.ma.us
5. Steve Kenneway    Steven.Kenneway@doc.state.ma.us
6. Dean Gray    dean.gray@doc.state.ma.us
7. Ronald Gardner    ronald.gardner@doc.state.ma.us
8. Donald Denomme    donald.denomme@doc.state.ma.us
9. David Brien    david.brien@doc.state.ma.us
10. Paul Birri    paul.birri@doc.state.ma.us
11. Keith Houle    keith.houle@doc.state.ma.us
12. Robert Deschene    robert.deschene@doc.state.ma.us

2

13. James Allain james.r.allain@doc.state.ma.us
14. James Gearin james.gearin@doc.state.ma.us
15. Robert D'Amadio robert.damadio@doc.state.ma.us
16. Joseph Bellini joseph.bellini@doc.state.ma.us
17. John Madden john.j.madden@doc.state.ma.us
18. Evan Laranjo evan.m.laranjo@doc.state.ma.us

The agreed upon search terms requested were as follows:

1. lockdown
2. N1
3. SBCC
4. Souza
5. tactical
6. tac!
7. SOD
8. spec ops
9. special operations
10. disorder
11. mission
12. shakedown
13. assault
14. Parent
15. Fuller
16. STG
17. Gang
18. Latin Kings
19. LK
20. Threat
21. HRT
22. h.r.t
23. c.i.r.t
24. CRT
25. K9
26. Daniel
27. Saldana
28. Rebollo
29. Diggs
30. Jacks
31. Jackson
32. Goshen
33. Stone
34. Valentin
35. Valentin-Soto

3

4)      The results of the initial request were received on November 22, 2022; the total items for the search resulted in 10,770 individual and potentially responsive emails, which were sent to the DOC electronically as PST files, separated by custodian, on November 22, 2022.

5)      On December 8, 2022 an email was sent to EOTSS to confirm that there were NO responsive emails for the following custodians:

1. Paul Birri paul.birri@doc.state.ma.us
2. Robert Deschene robert.deschene@doc.state.ma.us
3. James Gearin james.gearin@doc.state.ma.us
4. Robert D'Amadio robert.damadio@doc.state.ma.us
5. Joseph Bellini joseph.bellini@doc.state.ma.us
6. John Madden john.j.madden@doc.state.ma.us

Confirmation was received on the same day.

6)      To process these emails I, and my staff, had to download each custodian's emails to our Outlook account. The employee custodians' emails appeared exactly as they would have if opened directly in their Outlook account, so if subfolders were created by the employee, they existed in that same format and each folder had to be opened in the individual's cabinet folder, adding time to the process. The Inbox items as well as the Sent items were also included, also adding to the amount of time to review. Each email then had to be opened to review for responsiveness. Due to the search terms used, the date ranges requested and the large number of custodians for whom emails were sought, there are many emails concerning other DOC facilities, and that are totally non-responsive to the discovery requests, that were included in the EOTSS search.

7)      Once my staff and I review each email for responsiveness, we then save the email as a PDF, by date, in a separate folder, making sure to include any attachments. Once this process is completed, the emails would be merged together as one PDF and then reviewed for needed redactions pursuant to the Protective Order. Any individual custodian's emails could take days and days to review and redact. Redactions would be made for third party privacy, safety/security

4

issues, which would include informant information, staff privacy (e.g., home email addresses, cell phone numbers), and medical and mental health information for both staff and inmates. Also redacted from documents would be Staff Benefit and Leave Information. All of these redactions were not covered by the Protective Order.

8) Once DOC paralegals completed the redactions, the emails were subject to DOC attorney review prior to production for any privileged documents, relevance/responsiveness and thoroughness of redactions to ensure that no confidential data was inadvertently left unredacted.

9) Due to the overwhelming nature of handling Electronic Discovery for the Legal Division, the Department of Correction attempted to obtain EDiscovery Software in May, 2023. EDiscovery Software was finally installed by June 20, 2023.

10) The new EDiscovery Software is controlled by EOTSS. Once the new EDiscovery Software was installed, the PST Files needed to be uploaded directly to this system for any emails that had yet been produced. Once uploaded, the review process had to start all over. Once the reviews are complete, EOTSS then converts all responsive documents into PDF format. It should be noted that there are separate PDF files that need to be merged together and attachments to the emails are batched separately from the emails. Once the PDF files and attachments are merged, the entire document is reviewed prior to production.

Signed under the pains and penalties of perjury this 15th[th] day of September, 2023.

_____
Kara Morello-Quinn

5