# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DWAYNE DIGGS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CAROL MICI, ET AL., <br><br> Defendants. | 22-cv-40003-MRG |

# DECLARATION OF DAVID MILTON
# IN SUPPORT OF PLAINTIFFS' MOTION

I, David Milton, declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Prisoners' Legal Services and counsel to Plaintiffs in the above-captioned proceeding. I have personal knowledge of the matters described.

2. I submit this declaration in support of Plaintiffs' Motion to (1) Enforce Compliance with Order on Motion to Compel and (2) Compel Additional Documents.

3. Plaintiffs served their First Set of Document Requests on October 19, 2022. Defendants served their responses on January 9, 2023, raising numerous objections to nearly every request. Defendants also produced an initial batch of documents on that date and have made supplemental productions on a rolling basis since then.

4. Exhibit 1 is a true and correct copy of Defendants' Responses to Plaintiffs' First Set of Document Requests and Request to Enter Upon Land for Inspection.

5. By letter dated February 14, 2023, Plaintiffs raised various deficiencies in Defendants' responses, including the lack of a privilege log despite objections to nearly every request on the basis of privilege or other protection.

6. On February 22, 2023, defense counsel stated that Defendants were not at that time withholding any documents (despite the objections) but would provide a privilege log when documents were withheld. Since then, Defendants have admitted many times

that they are withholding documents responsive to Plaintiffs document requests on the basis of privilege. Plaintiffs have repeatedly requested a privilege log specifying the documents and the claimed privileges. Plaintiffs do not know the content or number of documents because Defendants have not identified them. However, Plaintiffs do know that many email attachments are being withheld because Defendants produced the emails without the responsive attachments. On December 5, 2023, and multiple times thereafter, Plaintiffs sent Defendants a list of the missing attachments—a list that includes both individual attachments and categories of attachments—requesting their production. Many of these items appear on their face especially important to Plaintiffs' claims.

7. Exhibit 4 is a true and correct copy of the December 5, 2023 letter that Plaintiffs sent to Defendants concerning their withholding of responsive email attachments.

8. After failing to respond to Plaintiffs' requests for many months, Defendants eventually stated that some of the items on the list were "non-responsive," that others were being withheld on the basis of privilege, and that a privilege log would be provided. On many occasions over the past year, in writing and in meetings with counsel, Plaintiffs requested that such a log be provided as soon as possible so that Plaintiffs could evaluate the basis for any privilege and attempt to resolve any disputes. Plaintiffs have repeatedly informed Defendants of Plaintiffs' position that failure to provide such a log violated the Defendants' discovery obligations, waived any potentially applicable privilege or protection, and prejudiced our ability to proceed with discovery. On October 16, 2024, counsel for Defendants wrote Plaintiffs' counsel that a privilege log pertaining to the withheld documents "will be forthcoming in the coming weeks." None has been provided.

9. Soon after the Court's April 12, 2024 order on Plaintiffs' motion to compel, Plaintiffs' counsel asked defense counsel how long it would take to produce the court-ordered emails. Defense counsel could not say offhand but suggested that search terms narrower than the ones specified in the document request would speed the process. Plaintiffs' counsel agreed and provided a revised list of search terms on April 29, 2024.

10. After defense counsel responded that those search terms had resulted in more than 100,000 items, Plaintiffs sent a second revised list of terms on July 23, 2024, eliminating terms most likely to produce too many "hits." Plaintiffs expressed willingness to further narrow the searches, including by use of Boolean functions, depending on the initial results. Plaintiffs re-sent this revised list on August 12, 2024, after receiving no response.

11. On August 22, 2024, the parties conferred. Defense counsel explained that the revised list also produced a large number of hits. Defense counsel stated that it was not possible, as Plaintiffs had requested, to separate hits by custodian—here, each of the 18 Defendants—or even to perform searches by custodian in the first place. Searching by each custodian, rather than doing a single search of all 18 custodians' emails, would help Plaintiffs prioritize certain Defendants' emails and allow for production on a rolling basis and potentially narrow the searches further. Defendants stated that this was not possible.

12. On September 12, 2024, Plaintiffs sent Defendants a third revised set of email searches, eliminating more potentially overinclusive terms. On October 3, 2024, Defendants reported that these searches could not even be run because of the constraints of a software program that Defendants had not mentioned in earlier conversations; Defendants could not explain why that software was now a problem when it was not before. Because of the inefficiency and difficulty of defense counsel being the middle-person between Plaintiffs' counsel and the Executive Office of Technology Services and Security, or EOTSS, which was running the searches, Plaintiffs requested a meeting with defense counsel and EOTSS representatives, which took place October 21, 2024.

13. At the meeting, EOTSS employees agreed to modify Plaintiffs' latest set of searches to conform to the requisite software systems. On October 23, 2024, defense counsel sent Plaintiffs' counsel EOTSS' proposed modifications, which Plaintiffs approved on the same day.

14. Exhibit 2 is a true and correct copy of the list of email searches as modified by EOTSS and approved by Plaintiffs.

15. On October 28, 2024, defense counsel provided Plaintiffs' counsel with a chart of hit results. However, instead of providing hit results for the 44 searches that Defendants proposed and Plaintiffs approved, the chart contained results for five aggregated searches. Because of the large number of hits, to reduce the time and effort needed for compliance, Plaintiffs requested that Defendants run the searches for the year 2020 only.

16. Exhibit 3 is a true and correct copy of the hit results for the year 2020 only, which Defendants provided to Plaintiffs on November 5, 2024.

17. While this reduced the number of hits substantially, Defendants continued to run five aggregated searches, rather than the discrete searches that Plaintiffs requested. The aggregated searches make it impossible for Plaintiffs to assess which particular terms

are producing the most hits and, therefore, Plaintiffs cannot further narrow the searches on an informed basis.

18. By email dated November 8, 2024, Plaintiffs requested that Defendants have EOTSS run the searches that had been agreed upon on October 23, 2024. Defendants have not responded to this request (which Plaintiffs re-sent on December 20, 2024), nor have they produced a single one of the emails that the Court ordered them to produce last April.

19. On December 20, 2024, Plaintiffs informed Defendants that in January we would be filing a motion to compel the emails as well as the documents being withheld without a privilege log. Defendants have not responded or provided either the emails, the withheld documents, or a privilege log.

Dated: February 3, 2025                    /s/David Milton
                                           David Milton


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                           /s/ David Milton
                                           David Milton (BBO # 668908)