# CLASS ACTION SETTLEMENT NOTICE
Souza-Baranowski use of force in 2020
*Diggs v. Mici*, 4:22 CV 40003 MRG

*Diggs v. Mici* is a class action lawsuit against the Massachusetts Department of Correction ("DOC"). It alleges that DOC correction officers used unconstitutional force against incarcerated individuals at Souza-Baranowski Correctional Center between January 10, 2020, and February 6, 2020. It also alleges that DOC discriminated against Black and Latinx incarcerated individuals during this period.

The parties have reached a settlement. If the Court approves the settlement, Class Members will receive money. Under the proposed settlement, the Commonwealth of Massachusetts will pay $6,750,000 ($5,750,000 to Class Members, and $1,000,000 in attorneys' fees and costs) and DOC will implement agreed upon policy changes aimed at addressing claims of excessive force and racial discrimination by DOC staff.

A Class Member is anyone incarcerated at SBCC who was subjected to a use of force from January 10, 2020, to February 6, 2020. **Class Members who file valid claims by tk, 2025, will receive a significant amount of money**. DO NOT DELAY.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a valid Claim Form to receive payment. **Claim Forms received after tk, 2025 will not be considered for payment.** |
| **OBJECT** | You can object to the settlement by submitting a written explanation of why you think the settlement is unfair. You must also submit a Claim Form if you wish to receive payment if the settlement is approved. Objections and Claim Forms must be received by tk, 2025. |
| **OPT OUT** | You can choose to opt out of the settlement by sending a written exclusion request that is received by tk, 2025. If you opt out, you cannot submit a Claim Form and you will not receive payment under the settlement. |
| **DO NOTHING** | You will **not** receive payment but will still be bound by the settlement. You will not be able to pursue your own lawsuit arising from or in any way related to the facts alleged in the Complaint. |

Questions? Visit www.tk. or call tk        Page 1 of 9

| BASIC INFORMATION |
|---|
| What is this lawsuit about? |

On January 10, 2020, several DOC correction officers were injured in an altercation with prisoners in Unit N1 at SBCC. The lawsuit alleges that DOC retaliated by subjecting many other prisoners at SBCC to unconstitutional uses of force from January 10, 2020, to February 6, 2020. The alleged excessive force included forcing incarcerated individuals to kneel in the main corridor; beating and kicking individuals; and using special weapons including Tasers, pepper-ball launchers, impact projectiles, and K9s. The lawsuit also alleges Black and Latinx prisoners who had force used against them were subjected to especially harsh mistreatment because of their race, including having their dreadlocks pulled out or being called racial slurs. The lawsuit claims that these actions violated the constitutional rights of prisoners who had force used against them.

This lawsuit was filed on January 10, 2022 against then-Commissioner Carol Mici, then-Deputy Commissioner Paul Henderson, and 16 other DOC administrative and correctional staff ("Defendants"), all of whom deny the allegations against them. Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind or that the evidence developed supports in any way the claims asserted. Defendants also have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs. Defendants further have denied and continue to deny that Plaintiffs were harmed or suffered any loss as a result of any of the conduct alleged in the Action.

The parties decided to settle this lawsuit to avoid the risks that each side faced by continuing the lawsuit. The Commonwealth of Massachusetts has agreed to pay a total of $6,750,000 to settle the lawsuit, of which $5,750,000 will be distributed to Class Members following final approval from the Court. Prisoners' Legal Services will request that the Court approve $1,000,000 as payment of their attorneys' fees and costs. The settlement also requires DOC to implement agreed upon policy changes aimed at addressing claims of excessive force and racial discrimination by DOC staff.

You can view the Settlement Agreement and the policy changes at tk website or tkwrite/call the Claims Administrator and request a copy be sent to you.

## WHO IS IN THE SETTLEMENT

### What is a class action and who are class members?

In a class action, one or more individuals, called "Class Representatives" (in this case, nine of the Class Members were named as Class Representatives), sue on behalf of all other individuals who have similar claims. All the individuals who have claims are called "Class Members." A class action resolves common issues for everyone in the class.

### How do I know if I am a Class Member and part of the Settlement?

The Class is defined as "all individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020." Anyone subjected to a use of force during this period is a Class Member. Class Members who are either Black or Latinx are part of the "Equal Protection Subclass." For purposes of the Settlement Agreement, the Class also includes individuals who were forced to kneel in the main corridor on the second floor of SBCC on January 10, 2020.

You are receiving this notice because you have been identified by PLS and DOC as a Class Member based on careful review of DOC and PLS documentation.

### Are pain compliance holds used during an escort or the application of tight restraints part of this case?

No. The use of a pain compliance hold or application of tight restraints does not qualify as a use of force for this case.

## HOW TO PARTICIPATE IN THE SETTLEMENT

### What must I do to get a payment?

Fill out the Claim Form attached and mail it to the Claims Administrator at tktk. A Claim Form is included with this Notice. **Mail your Claim Form so that it is received by tktk or your claim will be denied.**

You must complete the entire double-sided Claim Form and include your full name, Social Security Number, date of birth, and signature. If your claim is approved, the settlement check will be made out to your name and Social Security Number, and sent to your mailing address. If you move, you must write to the Claims Administrator with your new address, or the check will be sent to your old address.

| What if I do not have a Social Security Number? |
|---|

If you do not have a valid Social Security Number ("SSN"), you may submit an Individual Taxpayer Identification Number ("ITIN"). You must have a valid SSN or ITIN in order to receive payment. If you do not have a SSN or ITIN, you should apply for one immediately. Information about how to apply for a SSN or ITIN can be found at www.ssa.gov or www.irs.gov. The settlement check must be made out to your name and SSN/ITIN.

| How much money will Class Members receive? |
|---|

We do not yet know the amount each Class Member will receive. The amount depends on how many Class Members submit Claim Forms. Payments will be calculated as follows:

a. Each Class Member who was forced to kneel on January 10, 2020, but was **not** subject to any other use of force ("Kneeling-Only Cohort Member") will receive $10,000 ("Kneeling-Only Payment") in addition to a payment that he may receive under (b).

b. Each Equal Protection Subclass Member (this is any Class Member who is Black or Latinx) will receive $10,000 in addition to other payments that he may receive under (a), (c), or (d).

c. Plaintiffs will request an Incentive Payment of $25,000 to each Class Representative (the nine named plaintiffs who filed the case) in addition to other payments they may receive under (b) or (d).

d. All Class Members except those in the Kneeling-Only Cohort will receive an equal payment from money ("General Payment") remaining after the payments in (a)-(c) are made out of the $5,750,000 total payment to the Class. The amount of the General Payment depends on how many Class Members submit claims. It is expected to be at least $30,000 or more.

Class Members may only receive one General Payment even if they were subjected to more than one use of force. Class Members who receive a General Payment will not also receive a Kneeling-Only Payment, even if they were part of the group forced to kneel on January 10, 2020.

If I owe taxes or child support or other debts, will I have to pay them?

Yes. Before you get paid, outstanding child support and Internal Revenue Service ("IRS")/Department of Revenue ("DOR") tax liens, as well as other debts you owe to the Commonwealth of Massachusetts or other state and federal jurisdictions, may be taken from your share of the settlement according to state and federal laws. As a result, you will receive a smaller payment, or no payment, from this settlement, depending on the amount you owe. Any money taken will be applied to your lien or debt, and will reduce the amount you owe.

Will I have to pay taxes on my payment?

You may have to pay taxes on your payment. You may have to pay taxes even if some or all of the money goes to pay child support, taxes, or other debts. You should consult your tax preparer when you file your tax returns. The Claims Administrator will send you a Form 1099. (If you have questions about backup withholding, Form W-9 or Form 1099, call your tax preparer or IRS Information Reporting Program Customer Service, toll free, at 866-455-7438.)

Will my payment affect my public benefits or MassHealth?

The settlement payment may affect your eligibility for public benefits or MassHealth or other assistance that depends on your assets or income. You should consult a benefits attorney.

When will I get my payment?

We do not know when you will get your payment. Checks will not be sent until the settlement is approved by the Court. Even then, it could be a long time until payment is made. The Commonwealth of Massachusetts, which is paying the settlement for the Defendants, controls when the settlement checks are sent. You cannot get an advance payment.

How do I submit a Claim Form for a deceased or incapacitated Class Member?

You must provide documentation, including a W-9 form, that an estate has been established in accordance with the law and that you are the duly appointed personal representative of the estate or that you are the duly appointed guardian of the incapacitated Class Member. You may speak to an attorney or probate court for more information on this process. On the Claim Form, put the Class Member's name and your contact information. At the end of the form, sign your own name and write your

relationship to the Class Member (for example: mother and Personal Representative appointed by the court). Do not forget to include the court documents showing that you have been appointed as personal representative of the Class Member's estate or that you are the duly appointed guardian of the incapacitated Class Member.

### What claims will be released by this settlement?

This settlement resolves all Class Member claims arising from or in any way related to the facts alleged in the Complaint, including, but not limited to, any alleged use of force or racial discrimination at SBCC, cruel and unusual punishment, conspiracy, failure to intervene, and equal protection. If you remain in the class, you cannot later sue DOC over these same claims and allegations.

### What if I filed an individual lawsuit with claims covered by this class action?

If you want to stay in the class and receive money from this settlement, you must submit a completed Claim Form and dismiss your individual suit with prejudice. If you want to continue with your individual lawsuit instead, you must Opt Out of the Class as described below.

### What if I am currently incarcerated? Where will you send my payment?

The Claims Administrator will send your check to the address you indicate on your Claim Form, including jails and prisons. If you plan to deposit the money in your prison account, put your prison address on the Claim Form. If you want the check mailed to someone on the outside, put their address on the Claim Form. The check will be issued in your name in either case. To open a bank account outside the prison, you likely will need a Power of Attorney that gives a specific person authority to do that. You should consult an attorney. PLS cannot serve in this role.

### What if I think the proposed settlement is not fair?

Only Class Members may object to the settlement. If you are a Class Member and you object to the proposed settlement, you or a lawyer on your behalf must state your objections to the Court in a letter sent to the Claims Administrator by tktktk. If you send a written objection, you or your lawyer may also appear in Court at the Fairness Hearing (described below) on tktktk to present your objections. **If you wish to claim money, you must also submit a valid Claim Form by the tktktktk deadline, even if you object to the settlement.**

Can I choose to NOT be part of the case?

Yes. You can choose to Opt Out. If you do, you will get no payment. The process for Opting Out is described below.

What if I do nothing?

If you do not file a Claim Form, you will not receive any payment from the settlement and you will not be able to pursue your own, separate lawsuit about the claims at issue in this case. To pursue a separate lawsuit, you must Opt Out. To receive money from this settlement, you must file a Claim Form.

**COURT APPROVAL OF THE SETTLEMENT**

What is a fairness hearing?

The Court will hold a hearing to decide whether to approve the settlement. The Court will rule on any objections to the settlement, and will decide whether the settlement is fair, reasonable, and adequate. The Court will decide whether to approve the request for attorneys' fees, expenses, and the incentive payments to the Class Representatives.

When and where is the fairness hearing?

The hearing will be at tktk on tktk in Courtroom tktk at the U.S. District Court of Massachusetts, Harold D. Donohue Federal Building and U.S. Courthouse, 595 Main Street, Worcester, Massachusetts 01608.

Do I have to come to the hearing? May my lawyer or I speak at the hearing?

You do not have to go to the hearing. If you want to explain an objection to the Court, you may attend the hearing or hire a lawyer to attend for you, but you may only do so if you have already submitted a timely written objection.

**EXCLUDING YOURSELF FROM THE CLASS ACTION ("OPTING OUT")**

What if I don't want to be part of the class?

If you do not want to be a member of the class at all, then you must exclude yourself. This is also referred to as "Opting Out" of the class. You must Opt Out if you wish to pursue your own lawsuit raising claims covered by this Class Action. To do this, you must submit a written request to be excluded from the case. The request must have the case name and number at the top of the page (*Diggs v. Mici*, Case No. CV 22-40003 MRG). It must include your name, address, and signature. (If you previously used a different name, include any

names you have used). The request must state that you wish to exclude yourself from the class. You don't need to explain why you are excluding yourself. You must mail this written exclusion request to the Claims Administrator at tktk. It must be received by tk.

If I Opt Out of the class, can I file my own lawsuit?

If you Opt Out of the class, you may file your own lawsuit within the applicable statute of limitations concerning the use of force or racial discrimination at SBCC during the Class Period of January 10, 2020 to February 6, 2020.

If I opt out of the class, can I rejoin the class later?

No. If you Opt Out, that decision is final and you cannot rejoin the class. You will not receive any payment under the Settlement Agreement in this Class Action if you Opt Out.

## THE LAWYERS IN THIS CASE

Do I have a lawyer in this case?

The Court appointed Prisoners' Legal Services and Hogan Lovells US LLP as lawyers to represent the members of the Class. These lawyers have spent thousands of hours working on the case since 2020. You do not need to hire your own lawyer, but you may do so at your own expense.

How will the lawyers be paid?

Prisoners' Legal Services will ask the Court to approve payment of attorneys' fees and litigation costs in the amount of $1,000,000, which is significantly less than the fee based on our hours. Hogan Lovells US LLP is not seeking any attorneys' fees, or reimbursement of its costs, for its work on this case.

Who represents the Defendants?

All Defendants are represented by attorneys at the Department of Correction Legal Division, 70 Franklin Street, Suite 600, Boston, MA 02110.

## OTHER INFORMATION

How can I get more information about this case?

Information and documents are available at www.**PLSMA.org/tk** and **Claims Admintk.** For all questions about filing claims and the claims administration and payment process, you may contact the Claims Administrator at tk. For other questions you may write to PLS,

50 Federal Street, 4th Floor, Boston, MA 02110, Attn: SBCC Class Action. **PLEASE DO NOT CONTACT THE COURT OR DOC COUNSEL FOR INFORMATION.**