# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DWAYNE DIGGS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CAROL MICI, ET AL., <br><br> Defendants. | 22-cv-40003-MRG |

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

The named Plaintiffs, individually and on behalf of the class (collectively, "Plaintiffs"),[1] and Defendants[2] have entered into a proposed Settlement Agreement ("Agreement"), which they submit to the Court for final approval. The Court preliminarily approved the Agreement by Order dated May 30, 2025. Dkt. No. 109. The Agreement is attached hereto as Exhibit 1.

The parties jointly request that the Court grant final approval to the Agreement and retain jurisdiction over the Agreement, so that it may enter orders as appropriate to enforce the Agreement's terms and to effect its fair and orderly administration. Attached as Exhibit 2 to this motion is a proposed Order. Plaintiffs are submitting a separate memorandum in support of this motion, as well as a separate motion for attorneys' fees and costs.

---

[1] The named Plaintiffs and class representatives are Danavian Daniel, Dwayne Diggs, Demetrius Goshen, James Jacks, David Jackson, Raphael Rebollo, Luis Saldana, Davongie Stone, and Xavier Valentin-Soto.

[2] Defendants are 18 present and former DOC officials and officers: Carol Mici, Paul Henderson, Charles Primack, Steven P. Kenneway, Dean Gray, Ronald Gardner, Patrick DePalo, Donald Denomme, James Gearin, David Brien, Paul Birri, Keith Houle, Robert Deschene, James Allain, Robert D'Amadio, Joseph Bellini, John Madden, and Evan Laranjo (collectively, "Defendants").

In support of the motion, the parties state the following:

1. By order dated September 30, 2024, the Court certified the following classes and subclass: (1) a damages class under Rule 23(b)(3) consisting of "all individuals incarcerated at Souza Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020"; (2) an injunctive class under Rule 23(b)(2) with the same definition; (3) a damages subclass under Rule 23(b)(3) and (d)(1), consisting of "all Black and Latinx individuals incarcerated at Souza Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020" (the "Equal Protection Subclass"). Dkt. No. 83.

2. On May 21, 2025, after six months of negotiations, the parties reached the Settlement Agreement, which the Court preliminarily approved by Order dated May 30, 2025. Dkt. No. 109. The Court also approved the Class Member Notice and Claim Form, the Generic Notice and Generic Claim Form, and the procedure for determining Generic Claims; appointed Analytics Consulting LLC as Claims Administrator; and established a deadline for receipt of claims, objections, and opt-outs ("Claims Deadline") for 90 days after notice was first mailed to the class.

3. On June 6, 2025, in accordance with the Court's Order and the Agreement, Analytics mailed the Class Member Notice and Claim Form to Class Members at their last known addresses. The notice and forms included the Claims Deadline, which was September 4, 2025.

4. During the claims period, Analytics sent additional Notice Packets to Class Members as new addresses were obtained through searches by Analytics or Plaintiffs' counsel.

Plaintiffs are submitting a declaration from the Analytics representative responsible for claims administration in this case. The declaration describes the notice and claims administration process in detail. Plaintiffs' counsel David Milton is also submitting a declaration describing the notice process.

5.  Of the 159 Class Members identified by the parties, 137 submitted valid claims, amounting to an 86% claims rate. No objections were received. Three Class Members opted out. These numbers confirm the adequacy of notice and represent an overwhelmingly positive response to the settlement by the class.

6.  An additional 46 individuals not already identified by the parties as Class Members submitted timely Generic Claim Forms. In accordance with the procedure established in the Agreement, and found to be fair and reasonable in its preliminary approval order, Dkt. No. 109 ¶ 5, Plaintiffs' counsel investigated and decided the claims based on the information and supporting documentation provided by the claimants; records or information in the record or otherwise in the possession of Plaintiffs' counsel; and additional pertinent documents and information provided by DOC. Of the 46 timely claims, 36 were denied, 3 were approved, and 7 are still being investigated. The generic claims process is described in more detail in Plaintiffs' memorandum and supporting declaration of counsel.

7.  The parties have concluded that settlement is desirable in order to avoid the time, expense, and inherent risks and uncertainties of continuing this litigation, and in order to finally and completely resolve Plaintiffs' claims in this lawsuit.

8.  The Agreement satisfies the requirements under Rule 23(e)(2). It is fair, reasonable, and adequate, as consideration of all the factors under the rule shows.

9. The class representatives and Plaintiffs' counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A).

10. The Agreement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). It is the product of extensive negotiations over the course of six months and was reached after several years of comprehensive discovery.

11. The relief provided for the class is adequate. Class Members will receive substantial monetary and non-monetary relief without having to face the costs, risks, and delay of trial and appeal, Fed. R. Civ. P. 23(e)(2)(C)(i); the proposed methods of distributing relief, including the method for processing class-member claims, have been and will remain effective; Fed. R. Civ. P. 23(e)(2)(C)(ii); the terms of the proposed award of attorney's fees and costs, including timing of payment, support the Court's finding that the relief provided to the class is adequate, Fed. R. Civ. P. 23(e)(2)(C)(iii); and the proposal treats class members equitably relative to each other, Fed. R. Civ. P. 23(e)(2)(C)(iv).

12. No agreements need to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2)(C).

13. The proposed incentive awards to the Class Representatives are fair and reasonable.

14. Attached hereto is a Proposed Order granting the relief requested herein.

**WHEREFORE,** the parties jointly request that the Court grant final approval to the Agreement; exclude the three Class Members who filed timely opt-out requests from the Class and from the final judgment; and retain jurisdiction over the Agreement to enter orders as appropriate to enforce its terms and to effect its fair and orderly administration.

Date: September 12, 2025

DEFENDANTS,

CAROL MICI, PAUL HENDERSON, PATRICK DEPALO, CHARLES PRIMACK, STEVEN KENNEWAY, DEAN GRAY, RONALD GARDNER, DONALD DENOMME, DAVID BRIEN, PAUL BIRRI, KEITH HOULE, ROBERT DESCHENE, JAMES ALLAIN, JAMES GEARIN, ROBERT D'AMADIO, JOSEPH BELLINI, JOHN MADDEN, AND EVAN LARANJO,

By their attorneys,
NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Stephanie M. Caffrey
Stephanie M. Caffrey (BBO # 697075)
Brittni Wipper (BBO # 696783)
**Massachusetts Department of Correction**
70 Franklin Street, Suite 600
Boston, MA 02110
Stephanie.m.caffrey@doc.state.ma.us
Brittni.Wipper@doc.state.ma.us

*Counsel for Defendants*

Respectfully Submitted,

PLAINTIFFS,

DWAYNE DIGGS, DEMETRIUS GOSHEN, JAMES JACKS, DAVID JACKSON, RAPHAL REBOLLO, LUIS SALDANA, DAVONGIE STONE, XAVIER VALENTIN-SOTO, and DANAVIAN DANIEL

By their attorneys,

/s/ David Milton
Lauren Petit (BBO # 640410)
David Milton (BBO # 668908)
Kristyn J.E. Huey (BBO # 686668)
Rachel Talamo (BBO #713707)
**Prisoners' Legal Services of Massachusetts**
50 Federal Street, 4th Floor
Boston, MA 02110
lpetit@plsma.org
dmilton@plsma.org
khuey@plsma.org
rtalamo@plsma.org

Anthony E. Fuller (BBO # 633246)
Gregory F. Noonan (BBO # 651035)
Alexandra G. Watson (BBO # 676145)
Courtney A. Caruso (BBO # 687642)
Kayla H. Ghantous (BBO # 709197)
Fleming Farrell (admitted *pro hac vice*;
 D.C. Bar No. 90004877)
**Hogan Lovells US LLP**
125 High Street, Suite 2010
(617) 371-1000
anthony.fuller@hoganlovells.com
gregory.noonan@hoganlovells.com
alexandra.bailey@hoganlovells.com
courtney.caruso@hoganlovells.com
kayla.ghantous@hoganlovells.com
fleming.farrell@hoganlovells.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ David Milton
David Milton