# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DWAYNE DIGGS, ET AL.,<br><br>               Plaintiffs,<br><br>    v.<br><br>CAROL MICI, ET AL.,<br><br>               Defendants. | 22-cv-40003-MRG |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

The parties have filed a Joint Motion for Final Approval of Class Settlement. The Court held a hearing on the motion on October 24, 2025. Upon review and consideration of the motion, the Settlement Agreement and Exhibit A thereto ("Agreement"), Plaintiffs' Memorandum in Support of Joint Motion for Final Approval of Class Settlement and the accompanying declarations and exhibits, and after consideration of the criteria for approval under Rule 23(e)(2), the Court finds that the settlement is fair, reasonable, and adequate, makes the further findings and conclusions below, **ALLOWS** the motion and **ORDERS** as follows:

1. By order dated September 30, 2024, the Court certified a damages class under Fed. R. Civ. P. 23(b)(3) consisting of "all individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020." By the same order, the Court certified a damages subclass consisting of "all Black and Latinx individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to

February 6, 2020." The Court also certified a class seeking injunctive and declaratory relief under Rule 23(b)(2) consisting of "all individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020."

2. On May 21, 2025, the nine named Plaintiffs, individually and on behalf of the class (collectively, "Plaintiffs"), and Defendants, eighteen present and former officials and officers of the Massachusetts Department of Correction ("DOC"), submitted the Agreement, Class Notice, notice plan, and claims administration plan to the Court for preliminary approval. Pursuant to the Agreement, DOC has agreed to implement certain policy changes and take other steps to address and resolve Plaintiffs' claims arising from the events at Souza-Baranowski Correctional Center ("SBCC") from January 10, 2020 through February 6, 2020, including, but not limited to, claims concerning the alleged use of excessive force and alleged racial discrimination by DOC correction officers. The Agreement provides that the Commonwealth of Massachusetts, on behalf of Defendants, will pay $6,750,000, of which $5,750,000 will be distributed to participating Class Members according to the formula described in the Agreement. The remaining $1,000,000 represents Plaintiffs' requested attorneys' fees and costs, which are addressed in a separate Order.

3. By order dated May 30, 2025, the Court found that it "will likely be able to … approve" the Agreement, Fed. R. Civ. P. 23(e)(1)(B), having determined that the Agreement was reached after extensive discovery and arm's length settlement negotiations over the course of six months; is fair, reasonable, and adequate as

required by Rule 23(e)(2); provides substantial benefit to the class; and satisfies the requirements under Rule 23(e)(1) for preliminary approval and issuance of notice to the class.

4. In its May 30, 2025 Order, the Court approved the proposed Class Notice for Class Members, Claim Form for Class Members, Generic Notice, and Generic Claim Form, finding that due process and Rule 23(c)(2)(B) were satisfied by the notice plan and that the procedure established in the Agreement for determining claims submitted by individuals not already identified by the parties as Class Members was fair and reasonable. The Court appointed Analytics, LLC, of Chanhassen, Minnesota, as Claims Administrator to implement the notice plan, process claims, record objections and opt-outs, distribute payments, and perform all other services described in the Agreement.

5. The Court held a final fairness hearing on October 24, 2025.

6. The Court finds pursuant to Rule 23(e)(2) that the Settlement is fair, reasonable, and adequate. In making this determination, the Court has considered and made the following findings:

7. The Court finds that the Class Representatives and Plaintiffs' counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A).

8. The Court finds that the Agreement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). It is the product of extensive negotiations over the course of six months and was reached after several years of comprehensive discovery.

9. The Court finds that the relief provided for the class is adequate. Fed. R. Civ. P. 23(e)(2)(C). Class Members will receive substantial monetary and non-monetary relief without having to face the costs, risks, and delay of trial and appeal, Fed. R. Civ. P. 23(e)(2)(C)(i); the proposed methods of distributing relief, including the method for processing class-member claims, have been and will remain effective; Fed. R. Civ. P. 23(e)(2)(C)(ii); and the proposal treats class members equitably relative to each other, Fed. R. Civ. P. 23(e)(2)(C)(iv).

10. The Court finds that "the terms of the proposed award of attorney's fees, including timing of payment," Fed. R. Civ. P. 23(e)(2)(C)(iii), supports its finding that the relief provided to the class is adequate. The Court addresses Plaintiffs' Motion for Attorneys' Fees and Costs in a separate order.

11. There are no agreements that need to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2)(C).

12. The proposed incentive awards of $25,000 to each of the nine Class Representatives are fair and reasonable.

13. The Court finds that the procedure for deciding Generic Claims—claims by individuals not previously identified by the parties—was fair and reasonable.

14. The Court finds that the distribution of the Notices and Claim Forms and the notice plan implemented by the parties and the Claims Administrator complied with the Court's preliminary approval order and confirms its prior finding that such notice satisfied due process and Rule 23(c)(2)(B).

15. The Court further finds that the requested incentive award of $25,000 to each of the nine Class Representatives is fair, reasonable, and warranted given their service to the Class.

16. The following three Class Members filed timely opt-out requests and are hereby excluded from the Class, and shall not be bound by the Agreement or the judgment in this case, nor entitled to the relief to Class Members: Nghia Le, Derrick Washington, and Dominic Rezendes.

17. The Court retains jurisdiction over the Settlement to enter orders as appropriate to enforce its terms and to effect its fair and orderly administration.

**IT IS SO ORDERED.**

Dated: October 24, 2025

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge